**Salem**

COMMONWEALTH OF VIRGINIA

V.

DANNY RAY AYERS

No. 0636-92-3

Decided November 30, 1993

COUNSEL

Jeffrey A. Spencer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellant.

Marcus H. Long, Jr. (Frederick M. Kellerman, Jr., on brief), for appellee.

OPINION

**ELDER, J.**—The Commonwealth appeals from the trial court's vacation of Danny Ray Ayers' habitual offender adjudication. It argues on appeal that the trial court erred in holding that North Carolina's DUI statute, under which appellee was twice convicted, does not substantially conform to Code § 18.2-266, and could not be used as predicate offenses for an habitual offender adjudication in Virginia. For the reasons set forth below, we affirm the trial court's vacation of the adjudication.

Appellee was declared an habitual offender under Virginia law on February 7, 1992, based on three convictions rendered against him in the state of North Carolina. The certified copy of his driving record showed four North Carolina convictions, two for driving under the influence (DUI) and two for driving on a suspended license. The DUI convictions were based on offenses committed after July 1, 1986, the effective date of the 0.10 percent "per se" provisions of Code § 18.2-266(i). Appellee filed a motion to set aside the habitual offender order on the ground that his DUI convictions could not be used as predicate offenses under the Habitual Offender Act because the North Carolina statute under which he was twice convicted was not substantially similar to the Virginia statute. At the hearing on February 25, 1992, the trial court agreed and entered an order on March 3, 1992, setting aside appellee's habitual offender adjudication.

The sole issue in this case is whether the North Carolina DUI law under which appellant was twice convicted, N.C. Gen. Stat. § 20-138.1(a)(2), "substantially conform[s]" to Virginia's DUI law. Code § 18.2-266. *See* Code § 46.2-351(3). As we held in *Cox v. Commonwealth,* 13 Va. App. 328, 411 S.E.2d 444 (1991), "[t]his does not mean that [the other] state's law . . . must substantially conform in every respect to Code § 18.2-266. Only that prohibition of the other state's law under which the person was convicted must substantially conform." *Id.* at 331, 411 S.E.2d at 446. In making this determination, we look to the elements of the two statutes rather than to the offender's conduct:

> If a conviction in another state is based on conduct which is not a violation of Code § 18.2-266, then to consider it under Code § 46.2-351 would, without authority, expand the scope of the convictions which could be considered beyond that which the General Assembly specifically authorized. Therefore, another

state's law permitting a conviction for an act not constituting an offense under Code § 18.2-266 is not substantially conforming under Code § 46.2-351.

*Id.* The mere fact that both provisions are loosely referred to as *per se* statutes is insufficient to show substantial conformity.

In their briefs in this case, the parties argue the different interpretations given the current statutes and their predecessors. *See Shinault v. Commonwealth,* 228 Va. 269, 321 S.E.2d 652 (1984); *Davis v. Commonwealth,* 8 Va. App. 291, 381 S.E.2d 11 (1989). The Commonwealth urges us to interpret the Habitual Offender Act and its substantial conformity clause liberally to accomplish the Act's stated purpose of preserving public safety. Appellee asserts that the Act should be narrowly construed because it results in a forfeiture. We find it unnecessary to analyze either the case law or the Virginia Habitual Offender Act in depth, however, for an examination of the statutes themselves[1]—with only minimal reliance on relevant case law—makes clear that they are not substantially similar, regardless of whether we interpret the Act broadly or narrowly.

Appellee was twice convicted of DUI under N.C. Gen. Stat. § 20-138.1(a)(2), which states as follows: "A person commits the offense of impaired driving if he drives any vehicle upon any highway . . . [a]fter having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.10 or more." N.C. Gen. Stat. § 20-4.01(33a) defines "relevant time after the driving" as "[a]ny time after the driving in which the driver still has in his body alcohol consumed before or during the driving." A careful reading of this statute reveals that it contains a conclusive presumption that does not require that the accused have any particular blood alcohol concentration (BAC) *at the time of driving,* so long as he consumed no additional alcohol between the time of the stop and the time of the test.

A person whose blood-alcohol concentration, as a result of alcohol consumed before or during driving, was at some time after driving 0.10 or greater must have had some amount of alcohol in his system at the time he drove. The legislature has decreed that this amount, *whatever it might have been,* is enough to constitute an offense. This it may constitutionally do.

---

[1] Neither the Virginia nor North Carolina DUI statutes were amended between the time of appellee's convictions in North Carolina and his adjudication in Virginia as an habitual offender.

*North Carolina v. Rose,* 323 S.E.2d 339, 343 (N.C. 1984) (emphasis added).

Under the corresponding Virginia statute, by contrast, it is "unlawful for any person to drive or operate any motor vehicle . . . *while* such person has a blood alcohol concentration of 0.10 percent or more. . . ." Code § 18.2-266(i) (emphasis added). As we held in *Davis v. Commonwealth,* 8 Va. App. at 298, 381 S.E.2d at 15, a conviction under Code § 18.1-266(i) requires proof that the BAC of the accused was at least 0.10 percent *"at the time he was driving."* The result of the subsequently administered chemical test is merely "an evidentiary fact which creates a *rebuttable presumption* that the measurement accurately reflects the blood alcohol concentration at the time of driving." *Id.* (emphasis added) (footnote omitted). A defendant prosecuted under Code § 18.2-266(i) may introduce evidence to show that, despite his blood alcohol concentration of at least 0.10 percent on a subsequently administered test, his blood alcohol concentration at the time of driving was less than 0.10 percent. *See, e.g., Kehl v. Commonwealth,* 15 Va. App. 602, 605-06, 426 S.E.2d 127, 129-30 (1993). In North Carolina, such evidence would be irrelevant, for the statute contains a conclusive presumption which allows conviction of anyone with a BAC of 0.10 percent at the time of the test. Although a defendant in North Carolina would still be free to attack the accuracy of the test, his or her BAC at the time of driving is irrelevant.

The applicable North Carolina law contains a *conclusive presumption*; therefore the statute is not substantially conforming under Code § 46.2-351. Accordingly, because appellee's North Carolina DUI convictions could not properly be used as predicate offenses, the trial court did not err in vacating appellee's habitual offender adjudication.

*Affirmed.*

Koontz, J., and Fitzpatrick, J., concurred.