RICKY LANE HONAKER

v.

COMMONWEALTH OF VIRGINIA

No. 0789-93-3

Decided February 21, 1995

COUNSEL

Harr F. Bosen, Jr., for appellant.

Robert B. Condon, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

MOON, C.J.—Appellant, Ricky Lane Honaker, contends that the trial court erred in finding that his September 2, 1983 conviction under a West Virginia state law for driving while under the influence of alcohol (DUI) substantially conformed to Code § 18.2-266, and therefore, could be used as a predicate offense for Honaker's adjudication as an habitual offender pursuant to Code § 46.2-351, *et seq.* We disagree with Honaker's contention and affirm the judgment of the trial court.

The Circuit Court of Buchanan County found that Honaker is an habitual offender. This finding was based, in part, on a certified abstract from the Virginia Department of Motor Vehicles showing that Honaker had two Virginia convictions and one West Virginia conviction for driving while intoxicated. The court's finding was also based on a certified abstract of Honaker's West Virginia DUI conviction which showed that he pled guilty to "driv[ing] and operat[ing] a motor vehicle upon a public highway of [West Virginia] while under the influence of alcohol, to wit: Rt. 83/9 in the State Line Ridge area of McDowell County in violation of the West Virginia Code, Chapter 17C, Article 5, Section 2."

The sole issue in this case is whether the West Virginia DUI law under which appellant was convicted, W. Va. Code § 17C-5-2, "substantially conforms" to Virginia's DUI law, Code § 18.2-266. *See* Code § 46.2-351(3). Honaker cites *Commonwealth v. Ayers*, 17 Va. App. 401, 437 S.E.2d 580 (1993), as authority for his contention that his conviction under the aforementioned section of the West Virginia Code cannot be used as a predicate offense for his habitual offender adjudication. However, *Ayers* dealt with a conclusive presumption of intoxication under the North Carolina DUI law, which is not a part of Code § 18.2-266, and merely interpreted *Cox v. Commonwealth*, 13 Va. App. 328, 411 S.E.2d 444 (1991). We believe *Cox* is more on point and controls the outcome of this appeal.

In *Cox*, we held that the trial court erred in finding that a Lewisburg, West Virginia city ordinance substantially conformed to provisions of Code § 18.2-266 because "it permit[ed] convictions for acts which could not be the basis for convictions under Code § 18.2-266." *Id.* at 329, 411 S.E.2d at 445. We concluded that "[i]f a conviction in another state is based on conduct which

is not a violation of Code § 18.2-266, then to consider it under Code § 46.2-351 would, without authority, expand the scope of the convictions which could be considered beyond that which the General Assembly specifically authorized." *Id.* at 331, 411 S.E.2d at 446.

However, we further explained that our holding did "not mean that [the other] state's law . . . must substantially conform in every respect to Code § 18.2-266." *Id.* Rather, in order to adjudicate a defendant an habitual offender based upon a conviction from another state, "[o]nly that prohibition of the other state's law under *which the person was convicted* must substantially conform [to Code § 18.2-266]." *Id.* (emphasis added).

In *Cox*, we were compelled to examine the entire Lewisburg ordinance to see if it permitted convictions not permitted under Code § 18.2-266 because the record of appellant's convictions in West Virginia indicated only that he was convicted under a state statute and a city ordinance. The description of appellant's convictions permitted us to conclude only that the appellant committed the offense while operating a motor vehicle. Consequently, because the Lewisburg city ordinance included several prohibitions against conduct which would not violate Code § 18.2-266, we were "unable to say that the conduct upon which the appellant's convictions were based was that which [was] not included within the prohibitions of Code § 18.2-266. *Id.*[1]

---

[1] The convictions only revealed that appellant "did unlawfully operate" an automobile "upon a public street or highway . . . and . . . commit[ted] . . . D.U.I. 1st." It was impossible to say, therefore, which one of the various types of D.U.I. prohibitions appellant violated under Code § 18-85 of the Lewisburg City Code. That code provided in pertinent part:

Sec. 18-85. Persons driving under influence of alcohol, controlled substances or drugs.

(a) It is unlawful and punishable as provided in subsection (d) of this section for any person to drive any vehicle in this city while:

(1) He is under the influence of alcohol; or

(2) He is a habitual user of or under the influence of any controlled substance or he is under the influence of any other drug to a degree which renders him incapable of safely driving; or

(3) He is under the combined influence of alcohol and any controlled substance or any other drug to a degree which renders him incapable of safely driving, and . . .

(c) It is unlawful and punishable as provided in subsection (d) of this section for the owner of any vehicle to knowingly permit his vehicle to be driven in this city by any other person who is under the influence of alcohol, or who is a habitual user of or under the

This case is unlike *Cox*, in that here the record discloses the specific prohibition of the West Virginia law — driving and operating a motor vehicle upon a public highway in West Virginia while under the influence of alcohol — under which Honaker was convicted.[2] By finding Honaker guilty of "driv[ing] and operat[ing] a motor vehicle . . . while under the influence of alcohol," the offense was necessarily in violation of West Virginia Code § 17C-5-2(A), rather than (B), (C), (D), or (E). The trial judge, in reviewing West Virginia Code § 17C-5-2, correctly limited his examination to the applicable provision of that section under which Honaker was convicted. From this examination, he could have concluded that the "conviction in [West Virginia was] based on conduct which is [also] a violation of Va. Code § 18.2-266, . . . [and thus] to consider it under Code § 46.2-351 would [not] . . . expand the scope of the convictions which could be considered" in making his ruling. *Cox*, 13 Va. App. at 331, 411 S.E.2d at 446.

Upon review of West Virginia Code § 17C-5-2, we hold that the trial judge did not err in finding that the section under which Honaker was convicted substantially conformed to Code § 18.2-266. Thus, notwithstanding the fact that there are substantial differences between West Virginia Code § 17C-5-2 and Code § 18.2-266, we hold that because the prohibition of West Virginia law under which Honaker was convicted substantially conformed to Code § 18.2-266, it could be used as a predicate offense for

influence of any controlled substance or who is under the influence of any other drug to a degree of (sic) in the manner set forth in subsection (a) and (b) of this section.

[2] West Virginia Code § 17C-5-2 contains six separate subsections each of which defines a separate, distinct offense, each with a different penalty. The West Virginia law reads in pertinent part:

Any person who:

(1) Drives a vehicle in this state while:

(A) He is under the influence of alcohol, or

(B) He is under the influence of any controlled substance, or

(C) He is under the influence of any other drug, or

(D) He is under the combined influence of alcohol and any controlled substance or any other drug, or

(E) He has an alcohol concentration in his or her blood of ten hundredths of one percent or more, by weight;

(2) is guilty of a misdemeanor.

Honaker's adjudication as an habitual offender pursuant to Code § 46.2-351, *et seq.*

*Affirmed.*

Coleman, J., and Hodges, S.J., concurred.