COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Lemons
Argued at Alexandria, Virginia


COMMONWEALTH OF VIRGINIA
                                        OPINION BY
v.        Record No. 2512-98-4    JUDGE ROSEMARIE ANNUNZIATA
                                       MARCH 14, 2000
ROBERT WAYNE LOWE


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                 Carlton Penn, Judge Designate

            Jeffrey A. Spencer, Assistant Attorney
            General (Mark L. Earley, Attorney General,
            on brief), for appellant.

            No brief or argument for appellee.


     The Commonwealth appeals a ruling by the trial court that

Robert Wayne Lowe's 1991 conviction in Maryland for driving

while intoxicated may not be considered as a predicate offense

in considering whether Lowe is an habitual offender within the

intent of Code §§ 46.2-351 et seq.  The Commonwealth argues that

the trial court relied upon inapplicable Maryland case law in

reaching its conclusion and that the trial court misinterpreted

Virginia law.  We agree, and reverse the decision of the trial

court.

                            FACTS

     On April 21, 1998, the General District Court of Loudoun

County adjudged Lowe an habitual offender pursuant to a show

cause proceeding under former Code §§ 46.2-351.2 – 46.2-355.[1] He appealed that decision to the Circuit Court of Loudoun County. The circuit court heard the case on the record from the general district court, which included the Department of Motor Vehicles' ("DMV") certification of Lowe's driving record and copies of pertinent Maryland statutes and cases. No additional evidence was taken or considered by the circuit court.

The circuit court issued a letter opinion, authored by Judge Thomas D. Horne, on August 25, 1998, which stated that Lowe was not an habitual offender under the Virginia Habitual Offender Act ("Act"). The Act as it stood at the time of the alleged offenses provided, inter alia, that three or more convictions, within a ten-year period, of driving or operating a motor vehicle while under the influence of intoxicants in violation of Code § 18.2-266 rendered the driver in question an habitual offender. Code § 46.2-351.1(b). The DMV certification established that Lowe had four convictions for driving under the influence of alcohol: the first in Prince William County, Virginia, on July 2, 1985; the second in Loudoun County, Virginia, on April 27, 1990; the third in the State of Maryland, on March 6, 1991; and the fourth in Loudoun County, on October 23, 1997, the conviction giving rise to the present appeal. Lowe argued below that the Maryland conviction should not be

---

[1] Repealed by Acts of Assembly 1999, cc. 945, 987.

considered by the court, because persons may be convicted under the Maryland statute for driving non-motor vehicles while intoxicated.  See Code of Maryland Ann. § 21-902; Code § 18.2-266.  Lowe cited Richards v. Goff, 338 A.2d 80 (Md. 1975), and Moon v. Weeks, 333 A.2d 635 (Md. 1975), for the proposition that Maryland courts include within the term "vehicle" such non-motor vehicles as bicycles and children's sleds.  On that ground, Lowe argued that the Maryland drunk driving statute did not "substantially conform" to the Virginia Code § 18.2-266, pursuant to Code § 46.2-351.1, in accordance with the standards outlined in Commonwealth v. Ayers, 17 Va. App. 401, 437 S.E.2d 580 (1993) and Honaker v. Commonwealth, 19 Va. App. 682, 454 S.E.2d 29 (1995).  Lowe thus contended his Maryland conviction was not a predicate offense under Code § 46.2-351 and that his conviction as an habitual offender therefore should be reversed.[2]

The trial court, citing Cox v. Commonwealth, 13 Va. App. 328, 411 S.E.2d 444 (1991), agreed with Lowe's reasoning, and concluded that

> [t]here is nothing in the record to indicate
> that [when Lowe violated the Maryland drunk
> driving statute] he was driving a motor
> vehicle. . . .  When the [c]ourt examines
> the entire statutory prohibition of the
> Maryland statute, it is readily apparent

_____

[2] Without the Maryland offense, Lowe did not have three or more drunk driving convictions within a ten-year period.

- 3 -

that the Maryland statute permits convictions not permitted under Code § 18.2-266.

(Emphasis added). The trial court also declined to accept the DMV certification of Lowe's Maryland conviction as evidence that the specific prohibition of the Maryland statute substantially conformed to Code § 18.2-266, and held that the predicate offense was not established under Code § 46.2-351. For the reasons that follow, we reverse the court's decision.

Whether the Maryland statute in question fails to conform to the relevant Virginia statutes is a matter of first impression. Maryland's drunk driving statute refers only to "vehicles," unlike the Virginia statute, which specifically penalizes operation of motor vehicles by intoxicated persons. Code § 18.2-266 ("It shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol."); cf. Md. Code Ann. § 21-902 ("A person may not drive or attempt to drive any vehicle while intoxicated."). According to the Maryland Code, "'vehicle' means any device in, on, or by which any individual or property is or might be transported or towed on a highway." Md. Code Ann. § 11-176. In contrast, the Maryland Code defines "motor vehicle" as "a vehicle that . . . [i]s self-propelled or propelled by electric power obtained from overhead electrical wires." Md. Code Ann. § 11-135. The Maryland courts first

- 4 -

recognized the significance of this statutory distinction in Moon, a civil case in which the Maryland Court of Appeals held that while a child's sled did not constitute a "motor vehicle," the sled nevertheless was a "vehicle" for the purpose of applying the state's traffic laws. See Moon, 333 A.2d at 641-42.

Virginia law makes essentially the same distinction, however. Code § 46.2-100 provides definitions to be applied with respect to the motor vehicle laws. It defines "vehicle" as "every device in, on, or by which any person or property is or may be transported or drawn on a highway, except devices moved by human power . . . ." "Motor vehicle" is defined as "every vehicle . . . which is self-propelled or designed for self-propulsion . . . ." Thus, Virginia, as does Maryland, considers the category of "motor vehicle" to be a subset of "vehicle," and this distinction has legal significance. See, e.g., Welborn v. Wyatt, 175 Va. 163, 168, 7 S.E.2d 99, 101 (1940); Code § 46.2-341.4 (defining "commercial motor vehicle" as "every motor vehicle, vehicle, or combination of vehicles used to transport passengers or property . . . .").

The critical difference between Virginia and Maryland law, then, is the fact that the Virginia drunk driving statute refers specifically to motor vehicles, whereas the Maryland statute refers only to "vehicles." Despite the opinion of the court

- 5 -

below, and the argument Lowe made before that court, no Maryland case law addresses whether operation of a non-motor vehicle by an intoxicated person violates the state's drunk driving statute.[3]

In considering whether the plain meaning of Maryland Code § 21-902 might permit driving while intoxicated prosecutions of intoxicated persons found operating non-motor vehicles, in contrast to conduct prohibited by Code § 18.2-266, we are guided

---

[3] We agree with the Commonwealth that the Maryland case law cited by the trial court does not stand for the propositions claimed by the court. Neither Richards nor Moon is on point, and neither bears upon whether the Maryland drunk driving statute fails to substantially conform to the Virginia statute. Those two cases merely stand for the proposition that such non-motor vehicles as bicycles and sleds nevertheless are "vehicles" when operated on Maryland roads, just as such devices become vehicles when operated upon Virginia highways, pursuant to the definition in Code § 46.2-100. The court stated that Richards applied the Maryland drunk driving statute "to sanction the operation of a child's sled while [the operator was] intoxicated." However, Richards was a civil tort case involving neither a sled nor a drunk driver; rather, the case concerned a child on a bicycle injured by the sober driver of an automobile. The Maryland court held that because a bicycle was a "vehicle" within the meaning of Maryland Code, Art. 66 1/2, § 11-404, the child was contributorily negligent as the driver of a "vehicle" who failed to yield the right-of-way to on-coming traffic. See Richards, 338 A.2d at 85.
    The Commonwealth claims the court cited Moon for a similar proposition. The only Maryland case cited in the trial court's opinion is Richards, however. Insofar as Moon may assist in the determination of this appeal, Moon also did not involve a drunk driving conviction. Like Richards, it was a civil tort action concerning a child riding a sled on an icy street who was struck by an automobile. As in Richards, the court in Moon found that the child was the operator of a "vehicle" on a public street, and consequently was subject to consideration of contributory negligence in her collision with the automobile for her failure to yield the right-of-way. See 333 A.2d at 641-43.

- 6 -

by our previous decisions in Cox, 13 Va. App. 328, 411 S.E.2d 444, Ayers, 17 Va. App. 401, 437 S.E.2d 580, and Honaker, 19 Va. App. 682, 454 S.E.2d 29.

In Cox, one of the predicate offenses for the appellant's adjudication as an habitual offender was a conviction under a local ordinance of Lewisburg, West Virginia. Although a portion of the ordinance was generally consistent with Code § 18.2-266 in its prohibition of driving while under the influence of alcohol, it contained additional subsections criminalizing conduct beyond the scope of Code § 18.2-266. See Cox, 13 Va. App. at 331, 411 S.E.2d at 446; Lewisburg City Code § 18-85. We held that

> [i]f a conviction in another state is based on conduct which is not a violation of Code § 18.2-266, then to consider it under Code § 46.2-351 would, without authority, expand the scope of the convictions which could be considered beyond that which the General Assembly specifically authorized.

Cox, 13 Va. App. at 331, 411 S.E.2d at 446. We stated that because the record before us in Cox failed to indicate which portion of the ordinance the appellant had violated, we were unable to determine that the West Virginia law under which the appellant had been convicted "substantially conformed" to Code § 18.2-266; consequently, it could not stand as a predicate offense under Code § 46.2-351. See id. However, we cautioned that our holding did

- 7 -

not mean that another state's law regarding driving while under the influence of intoxicants or drugs must substantially conform in every respect to Code § 18.2-266. Only that portion of the other state's law under which the person was convicted must substantially conform.

Id. (emphasis added).

Subsequently, in Ayers, we addressed the appellee's adjudication as an habitual offender based on three convictions under North Carolina law. Our focus in Ayers was on the North Carolina and Virginia statutes, which we found not to substantially conform on their face. We noted that while Code § 18.2-266 created a rebuttable presumption that a driver found to have a blood alcohol level ("BAL") of .10% at the time he was tested had violated the statute, North Carolina's counterpart, N.C.Gen.Stat. § 20-138.1(a)(2), created a conclusive presumption that one found to have BAL of .10% had violated the law. See Ayers, 17 Va. App. at 404, 437 S.E.2d at 582. On that ground, we found the North Carolina statute did not substantially conform to Virginia law and that the appellee's conviction under North Carolina law could not serve as a predicate offense for adjudication as an habitual offender under Code § 46.2-351.

Finally, in Honaker, we again addressed the conviction of an appellant under West Virginia law in determining whether that conviction could serve to support an habitual offender adjudication. We distinguished Honaker from the facts of Cox,

- 8 -

noting that <u>Honaker</u> concerned the appellant's conviction under W.Va. Code § 17C-5-2 for "driv[ing] and operat[ing] a motor vehicle upon a public highway [of] West Virginia while under the influence of alcohol . . . ."  19 Va. App. at 685, 454 S.E.2d at 31.  We noted that, unlike <u>Cox</u>, the record disclosed the specific prohibition under West Virginia law upon which the appellant was convicted, viz. driving and operating a motor vehicle while under the influence of alcohol.  We held that the provision of the West Virginia statute under which the appellant had been convicted substantially conformed to Code § 18.2-266, and therefore it could stand as a predicate offense for an habitual offender adjudication under Code § 46.2-351.  <u>See</u> <u>id.</u> at 685-86, 454 S.E.2d at 31.

Turning to the facts of the present case, we find that Maryland's statutory law prohibiting driving while intoxicated, as narrowed by the Driver License Compact ("Compact") which both Maryland and Virginia have adopted, substantially conforms with Code § 18.2-266.  <u>See</u> <u>Tharpe v. Commonwealth</u>, 18 Va. App. 37, 43, 441 S.E.2d 228, 232 (1994) ("'Two statutes which are closely interrelated must be read and construed together and effect given to all of their provisions.  They should be construed, if possible, so as to harmonize, and force and effect should be given the provisions of each.'" (quoting <u>ACB Trucking, Inc. v. Griffin</u>, 5 Va. App. 542, 547-48, 365 S.E.2d 334, 337-38 (1988)

- 9 -

(citation omitted))); <u>Nelson v. County of Henrico</u>, 10 Va. App. 558, 561, 393 S.E.2d 644, 646 (1990) ("Statutes must be construed consistently with each other and so as to reasonably and logically effectuate their intended purpose." (citation omitted)).

The Compact is codified at Code § 46.2-483, <u>et</u> <u>seq</u>., and at Maryland Code Ann. § 16-703. The State of Maryland and the Commonwealth of Virginia have agreed to the terms of the Compact and have incorporated those terms verbatim into their respective bodies of statutory law. Article III of the Compact provides that foreign drunk driving convictions are to be reported to the home state of the person convicted. Article II defines "conviction" as "conviction of any offense related to the use or operation of a <u>motor</u> vehicle." (Emphasis added). The language of the Compact is identical in the codes of the two states. <u>See</u> Maryland Code Ann. § 16-703; Va. Code. § 46.2-483, <u>et</u> <u>seq</u>. Thus, any conviction reported from Maryland to DMV must, of necessity, be limited to motor vehicle use while intoxicated, in compliance with Articles II and III of the Compact. We therefore hold that the Maryland statutes governing the offense of driving while intoxicated substantially conform to Virginia law for the purposes of Code § 46.2-351.[4]

---

[4] Because we decide the issue on appeal on this ground, we need not reach the Commonwealth's contention that the trial judge erred in declining to find that the certified transcript

- 10 -

The decision of the trial court is, accordingly, reversed, and this case is remanded for proper and appropriate proceedings consistent with this opinion.

<u>Reversed and remanded</u>.

---

of Lowe's driving record presumptively established the predicate offenses, including the Maryland offense. <u>See generally</u> <u>Dicker v. Commonwealth</u>, 22 Va. App. 658, 661, 472 S.E.2d 655, 657 (1996) (Commonwealth establishes a <u>prima</u> <u>facie</u> presumption that driver's adjudication as habitual offender was valid by introducing certified DMV transcript indicating three or more drunk driving convictions within ten-year period); Code § 46.2-352.