# CIRCUIT COURT OF ALBEMARLE COUNTY

Robert N. Sayler

v.

Commonwealth of Virginia

July 10, 2006

Case No. CL05-10610

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Motion to Dismiss filed by Respondent, Commonwealth of Virginia, Department of Motor Vehicles, which was argued in Court on June 13, 2006. At that time, counsel appeared to present argument on their memoranda. The Court deferred ruling until it could consult the legal authorities cited.

*Background and Petition for Review*

In January 2005, Petitioner, a resident of Albemarle County, was arrested for two Driving Under the Influence ("DUI") offenses and one Driving While Intoxicated ("DWI") offense.

Petitioner was convicted of DUI, first offense, in Albemarle County General District Court on March 29, 2005, and granted a Restricted Driving Privilege. Petitioner was convicted of DUI, first offense, in Madison County General District Court on April 19, 2005, and granted a Restricted License. The DUI convictions were for a violation of Va. Code § 18.2-266. Petitioner was convicted of DWI in U.S. District Court for the Eastern District of Virginia on May 11, 2005. The DWI conviction was for a violation of 36 C.F.R. § 4.23(a)(2).

As a result, the Commissioner of the Department of Motor Vehicles ("DMV") issued an order to revoke Petitioner's driver's license pursuant to Va. Code § 46.2-391.

In November 2005, Petitioner filed a petition to review the suspension of his driving privileges and modify the order of revocation to reinstate his Restricted Driving Privilege under Va. Code § 46.2-410.1.

## Issues Presented

1. Is Petitioner's appeal under Va. Code § 46.2-410.1 the appropriate standard of review to determine whether the Commissioner erred in issuing the Order of Revocation against Petitioner pursuant to Va. Code § 46.2-391?

2. Is this a case of manifest injustice, where the Order of Revocation was the result of Commissioner's error in determining that the federal DWI law under which Petitioner was convicted, 36 C.F.R. § 4.23(a)(2), is substantially similar to Virginia's DUI law, Va. Code § 18.2-266, pursuant to Va. Code § 46.2-391?

## Discussion of Authority

### A. Judicial Review of Commissioner's Order of Revocation

Petitioner argues that judicial review under Va. Code § 46.2-410.1 is proper to correct the unlawful and erroneous administrative revocation of his Restricted Driving Privilege. Petitioner asserts that, under Va. Code § 46.2-410.1, the Court may review the suspension of his driving privilege and modify the Commissioner's Order reinstating his Restricted Driving Privilege due to the manifest injustice caused by the Commissioner's error in issuing the Order.

Respondent argues that Petitioner's appeal under Va. Code § 46.2-410.1 should be dismissed as inappropriate, with leave granted, to allow Petitioner to amend his petition under Va. Code § 46.2-410 to test whether the Commissioner's Order was a mandatory revocation under Va. Code § 46.2-391 or was erroneously issued in response to a conviction under law not substantially similar to Va. Code § 18.2-266.

Va. Code § 46.2-410.1 reads, in part, as follows:

> A. Notwithstanding the provisions of § 46.2-410, when the Commissioner orders a revocation or suspension of a person's driver's license . . . the person so aggrieved may, in cases of manifest injustice . . . petition the circuit court of the jurisdiction wherein he resides for a hearing to review the Commissioner's order.

B. Manifest injustice is defined as those instances where the Commissioner's order was the result of an error or was issued without authority or jurisdiction.

C. If the court finds that the Commissioner's order is manifestly unjust the court may . . . order the Commissioner to modify the order or issue the person a restricted license. . . .

Va. Code § 46.2-410 reads, in part, as follows:

Any person aggrieved by an order or act of the Commissioner requiring suspension or revocation of a license . . . is entitled to judicial review. . . . No appeal shall lie in any case in which the suspension or revocation of the license . . . was mandatory except to determine the identity of the person concerned when the question of identity is in dispute.

In *Commonwealth v. Shaffer*, 263 Va. 428, 433, 559 S.E.2d 623 (2002), the Supreme Court stated Va. Code § 46.2-410 provides that "no appeal shall lie in any case in which suspension or revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity was in dispute."

Here, revocation of Petitioner's license was mandatory. Va. Code § 46.2-391 provides, in part, that the Commissioner shall revoke "the driver's license of any person after receiving a record of the conviction of any person . . . (ii) convicted of three offenses arising out of separate incidents or occurrences within a period of 10 years in violation of the provisions of . . . § 18.2-266, or a substantially similar ordinance or law of any other jurisdiction, or any combination of three such offenses."

Moreover, as noted in Respondent's Reply Brief to Petitioner's Response Brief, Va. Code § 46.2-410.1 permits the Court, if the Commissioner's order is manifestly unjust, to order the Commissioner to modify the revocation order or to issue Petitioner a restricted license. Petitioner has specifically requested from this Court the review of the suspension of his driving privilege and the modification of the Order to reinstate his Restricted Driving Privilege as a result of the manifest injustice allegedly caused by the Commissioner's error in issuing the Order of Revocation.

B. *Manifest Injustice*

Petitioner argues that the Court should find that this is a case of manifest injustice where the Commissioner erred in suspending Petitioner's driver's license because the two jurisdiction's laws are not substantially similar regarding what constitutes "operating a vehicle" for the purposes of their respective DUI laws.

Petitioner asserts that the Commissioner's conclusion that 36 C.F.R. § 4.23(a)(2) is substantially similar to Va. Code § 18.2-266 is erroneous because there are instances in which conduct punishable under § 4.23(a)(2) would not be punishable under Va. Code § 18.2-266.

Under Va. Code § 46.2-410.1, manifest injustice is defined as "those instances where the Commissioner's order was the result of an error or was issued without authority or jurisdiction."

Va. Code § 46.2-391 reads, in part, as follows:

> B. The Commissioner shall forthwith revoke and not thereafter reissue the driver's license of any person after receiving a record of the conviction of any person . . . (ii) convicted of three offenses arising out of separate incidents or occurrences within a period of 10 years in violation of the provisions of . . . § 18.2-266, or a substantially similar ordinance or law of any other jurisdiction, or any combination of three such offenses.

In *Honaker v. Commonwealth*, 19 Va. App. 682, 454 S.E.2d 29 (1995), the Court of Appeals analyzed the requirement that a conviction under another jurisdiction's law must substantially conform to Va. Code § 18.2-266. The Court of Appeals referred to *Cox v. Commonwealth*, 13 Va. App. 328, 411 S.E.2d 444 (1991), which held that "[o]nly that prohibition of the other state's law under which the person was convicted must substantially conform."

Here, Petitioner's conviction in U.S. District Court indicates that he was convicted under 36 C.F.R. § 4.23(a)(2). Consequently, the Court must only examine 36 C.F.R. § 4.23(a)(2) to see if it permits convictions not permitted under Va. Code § 18.2-266. *Id.* at 329, 411 S.E.2d at 446.

36 C.F.R. § 4.23 reads, in part, as follows:

> (a) Operating or being in actual physical control of a motor vehicle is prohibited while:

(2) The alcohol concentration in the operator's blood or breath is 0.08 grams or more of alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath.

Va. Code § 18.2-266 reads, in part, as follows:

It shall be unlawful for any person to drive or operate any motor vehicle . . . (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath. . . .

### 1. *Operating or Being in Actual Physical Control*

Petitioner claims that 36 C.F.R. § 4.23 applies to "operating or being in actual physical control of a motor vehicle," while Va. Code § 18.2-266 applies only to persons who "drive or operate a motor vehicle." Petitioner asserts that, under 36 C.F.R. § 4.23, a person seated in the driver's seat may be convicted of DUI while Virginia's Statute would require actual operation, which would involve the manipulation or engagement of the electrical or mechanical systems of the vehicle.

In *Nicolls v. Commonwealth*, 212 Va. 257, 184 S.E.2d 9 (1971), the Supreme Court stated that the word "operate" is not defined in Va. Code § 18.2-266, but the word "operator" is defined in part, in Va. Code § 46.2-100, as "every person who drives or is in actual physical control of a motor vehicle," and this definition is approved for the purpose of determining whether one "operates" a motor vehicle within the meaning of Va. Code § 18.2-266. See also *Propst v. Commonwealth*, 24 Va. App. 791, 485 S.E.2d 657 (1997).

Moreover, neither the Court of Appeals nor the Supreme Court has set forth a bright line rule that a vehicle's motor must be running or its ignition switch must be in the "on" position for a defendant to be convicted of driving or operating a motor vehicle while intoxicated in violation of Va. Code § 18.2-266. *Id.* at 794, 485 S.E.2d 657 (1997).

### 2. *Virginia's Implied Consent Statute*

Petitioner argues that Virginia's implied consent law requires a defendant to submit to a chemical test of his blood or breath only when operating a vehicle on a highway (Va. Code § 18.2-268.2). Petitioner asserts

that the federal regulation requires a chemical test anywhere within a park area (36 C.F.R. § 4.23(c)), and may result in a conviction on a per se basis in a parking lot within a park.

In *United States v. Gholson*, 319 F. Supp. 499 (E.D. Va. 1970), the U.S. District Court held that the former implied consent statute Va. Code § 18.2-268 (now Va. Code § 18.2-268.2 et seq.) and the drunken driving statute (Va. Code § 18.2-266) were not intricately related, but rather completely separate offenses with separate penalties. Additionally, in *Gray v. Commonwealth*, 23 Va. App. 351, 477 S.E.2d 301 (1996), the Court of Appeals held that Va. Code § 18.2-266 does not specify that the driving or operating that it criminalizes must occur on a public highway; thus, a defendant could properly be convicted of drunk driving for such conduct in a parking lot.

### 3. *Petitioner's Conduct*

In *Honaker v. Commonwealth*, 19 Va. App. 682, 683-84, 454 S.E.2d 29, 30 (1995), the Court of Appeals stated that the trial judge correctly limited his examination to the applicable provision under which appellant was convicted to determine whether the West Virginia DUI law, W. Va. Code § 17C-5-2, "substantially conformed" to Virginia's DUI law, Va. Code § 18.2-266. The Court of Appeals held that, from this examination, the trial judge could have concluded that the conviction in West Virginia "was based on conduct which is also a violation of Va. Code § 18.2-266. . . ." *Id.*

Here, the Commissioner could have concluded that Petitioner's conviction under 36 C.F.R. § 4.23(a)(2) was based on conduct which is also a violation of Va. Code § 18.2-266. The U.S. District Court Violation Notice shows that Petitioner was charged with an offense under 36 C.F.R. § 4.23(a)(2) for driving a Cadillac while intoxicated on the George Washington Memorial Parkway at Gravelly Point. The Notice permits the Court to conclude only that Petitioner was operating a motor vehicle while intoxicated on a highway. Because 36 C.F.R. § 4.23(a)(2) is a prohibition against conduct that would violate Va. Code § 18.2-266, the Court finds that the conduct upon which Petitioner's conviction is based is included within the prohibitions of Va. Code § 18.2-266.

The facts of this case show that the Commissioner did not err in determining that the federal DWI law under which Petitioner was convicted, 36 C.F.R. § 4.23(a)(2), is substantially similar to Virginia's DUI law, Va. Code § 18.2-266, pursuant to Va. Code § 46.2-391. Therefore, the facts of this case do not rise to a manifest injustice pursuant to Va. Code § 46.2-410.1.

*Conclusion*

Accordingly, the Court finds that:

(1) Petitioner's appeal under Va. Code § 46.2-410.1 is the appropriate standard of review to determine whether the Commissioner erred in issuing the Order of Revocation against Petitioner pursuant to Va. Code § 46.2-391;

(2) This is not a case of manifest injustice because the Commissioner did not err in determining that the prohibition of federal law under which Petitioner was convicted, 36 C.F.R. § 4.23(a)(2), is substantially similar to Va. Code § 18.2-266, pursuant to Va. Code § 46.2-391.

Therefore, the Motion to Dismiss is sustained.