## CIRCUIT COURT OF THE CITY OF RICHMOND

John Doe

    v.

Commonwealth of Virginia,
Commissioner of the
Department of Motor Vehicles,
Richard Holcomb

October 9, 2012

Case No. CL12-1919

BY JUDGE MELVIN R. HUGHES, JR.

Under the provisions of Va. Code § 8.01-15.1, an unnamed person has petitioned for an order to rescind or, in the alternative, modify the Virginia Department of Motor Vehicles (DMV) order of revocation of driving privileges dated February 23, 2012. Va. Code § 8.01-15.1 allows an unidentified person to seek an order concerning the propriety of anonymous participation in the proceeding upon a showing that the need for anonymity outweighs the public's interest in knowing the party's identity and outweighs any prejudice to any other party. The case is here under the provisions of Va. Code § 46.2-410.1, which allows for judicial review. Before the Court are DMV's Motion to Dismiss and DMV's Motion for Identification. The Motion to Dismiss is denied, and the Motion for Identification is granted.

Upon receipt of record of conviction for driving under the influence from New Jersey, DMV, by administrative order, revoked Petitioner's driving privileges for one year, until February 7, 2013. The New Jersey court sentenced Petitioner to three months suspended driving privileges in New Jersey, by order dated February 9, 2012. Under Virginia Code § 46.2-389, any person convicted of a violation of Va. Code § 18.2-266 (DWI) "or a law of any other state, substantially paralleling and substantially conforming to a like state law and to all changes and amendments of it . . ." shall suffer a

revocation of driving privileges for a period of one year. The issue for the Court is whether New Jersey's statute under which Petitioner sustained a conviction substantially parallels and conforms to Virginia's statute for a conviction of the same offense.

Petitioner argues that N.J. Stat. Ann. 39:4-50 is not "substantially similar" to Va. Code § 18.2-266 on the ground that the New Jersey statute contains a conclusive and irrebuttable presumption, while the Virginia statute contains a rebuttable one. Continuing, Petitioner says the New Jersey statute includes liability for conduct that is not substantially similar to the Virginia statute, such as allowing an intoxicated person to drive one's motor vehicle.

DMV argues that, under the statute, Petitioner must have been convicted with only evidence of intoxication alone, and not for his blood alcohol concentration (BAC), since he was also charged with refusal to submit.

The pertinent record DMV received from New Jersey comprises two summonses, one for "DWI" under N.J. Stat. Ann. § 39:4-50 and a "Refusal to submit" under N.J. Stat. Ann. § 39:4-50.2. The parties dispute whether the driving under the influence conviction resulted from the refusal or not. Indeed, on brief, Petitioner represents that he "took the breath test seven times." DMV also represents, on brief, the surrounding circumstances and other traffic offenses charged in connection with the transaction that brought about the New Jersey conviction for "DWI." Without evidence, the Court is not prepared to resolve these issues. Rather, the Court will confine its attention to the relevant law relating to the issue of whether DMV rightfully imposed its administrative revocation according to law. According to New Jersey, Petitioner received only a conviction of driving under the influence in violation of N.J. Stat. Ann. § 39:4-50.

Here, Petitioner was convicted under N.J. Stat. Ann. § 39:4-50 which states:

> [A] person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood. . . .

N.J. Stat. Ann. § 39:4-50.

The applicable Virginia statute, Va. Code § 18.2-266, states:

It shall be unlawful for any person to drive or operate any motor vehicle, engine, or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine, or train safely, (iv) while such person is under the combined influence of alcohol and any drug or drugs to a degree which impairs his ability to drive or operate any motor vehicle, engine, or train safely, or (v) while such person has a blood concentration of any of the following substances at a level that is equal to or greater than: (a) 0.02 milligrams of cocaine per liter of blood, (b) 0.1 milligrams of methamphetamine per liter of blood, (c) 0.01 milligrams of phencyclidine per liter of blood, or (d) 0.1 milligrams of 3,4-methylenedioxymethamphetamine per liter of blood. A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v).

Va. Code § 18.2-266.

The Virginia Court of Appeals has stated that substantial conformity does not mean that "another state's law regarding driving under the influence… must substantially conform in every respect to Code § 18.2-266 . . . [o]nly that prohibition of the other state's law under which the person was convicted must substantially conform." *Cox v. Commonwealth*, 13 Va. App. 328, 331, 411 S.E.2d 444, 446 (1991).

Here, New Jersey's record of conviction references its statute without an indication of what provision therein Petitioner sustained the conviction. That being the case, the New Jersey statute, when viewed as a whole, does not conform. As noted, a salient difference is New Jersey will support a conviction on evidence of permitting another person who is under the influence to operate a motor vehicle which is owned or under the custody of the violator. The aforementioned violation under the New Jersey statute is not prohibited under Va. Code § 18.2-266. Under the record of Petitioner's conviction from New Jersey, Petitioner was convicted of N.J. Stat. Ann. § 39:4-50, without any distinction regarding the part or parts of the statute which supported the conviction.

Moreover, the New Jersey Supreme Court has construed the statute for a BAC of 0.08 or more as support for a conclusive presumption of guilt. *State v. Tischio*, 107 N.J. 504, 527 A.2d 388 (1987); *see*, Martin L. Haines, "Under

the Influence: Responses of the New Jersey Supreme Court to Drunk Driving Cases – A Study of Management Influence on Judicial Decisions," 6 *St. Thomas L. Rev.* 301, 315 (1994); *cf. Davis v. Commonwealth*, 8 Va. App. 291 (1989). In *State v. Tischio*, the Supreme Court of New Jersey held that N.J. Stat. Ann. § 39:4-50 establishes a "per se" conclusive presumption. *Tischio*, 107 N.J. at 506. Further, the *Tischio* court held that "[a]n interpretation of the statute which would permit extrapolation evidence would frustrate and impede this strong and consistent regulatory scheme." *Id.* at 518. This is at odds with Virginia, which holds that evidence of a BAC higher than the legal limit is not conclusory of, but merely evidence of, guilt. The Virginia Court of Appeals had held "that the prescribed measurement is an evidentiary fact which creates a rebuttable presumption that the measurement accurately reflects the blood alcohol concentration at the time of driving." *Davis*, 8 Va. App. at 298 (footnote omitted). In *Davis*, the court discerned whether Va. Code § 18.2-266 precludes a defendant from introducing evidence of his condition at the time of the alleged accident. The *Davis* court said that, were Va. Code § 18.2-266 a per se offense:

> [t]he relationship between the test results and the blood alcohol level at the time of driving or operating would be immaterial; no presumptions would be involved. The blood alcohol concentration at the time of the chemical test, which can be accurately determined at that time, would be conclusive, or "per se," evidence of the prohibited alcohol concentration. Code § 18.2-266(i), however, was not written in this fashion.

*Id.* at 299 (citation omitted).

Virginia courts have consistently held that Va. Code § 18.2-266 merely gives rise to a rebuttable presumption that a person is under the influence of alcohol. *See Shinault v. Commonwealth*, 228 Va. 269, 271-72 (1984); *Commonwealth v. Ayers*, 17 Va. App. 401, 404 (1993); *Commonwealth v. Lowe*, 31 Va. App. 806, 812 (2000).

Thus the Court finds that the two statutes are not substantially paralleling and substantially conforming to each other and DMV's Motion to Dismiss will be denied. Therefore, the court will reject DMV's authorities and argument to uphold its action.

As to DMV's Motion for Identification, Va. Code § 8.01-15.1 places the burden on the anonymous litigant to show "special circumstances" which outweigh the public's interest in knowing the identity of the petitioner and prejudice to the petitioner to allow anonymity. Here, Petitioner relies on Va. Code § 46.2-208 which provides for confidentiality and nondisclosure of driving records. Moreover, Doe contends, DMV has the records which allow it to match the proceedings to him or her. However, the statute lists

factors the court is directed to consider other than the statute which protects driving records confidentially.

Again, the statute places the burden on the anonymous person to show special circumstances. For example, the statute sets as a factor whether identification poses a risk of retaliatory physical or mental harm and the age of the person(s) whose privacy interests deserve protection. The Petitioner argues that anonymity should be accorded as a matter of law because the public has no interest in Petitioner's records. What Va. Code § 46.2-208 protects is disclosure of driving records by DMV. Court proceedings involving an anonymous person is governed by Va. Code § 8.01-15.1. There, the General Assembly has outlined factors to be considered for court proceedings, as here. Petitioner has not satisfied any of the factors to weigh in order to satisfy the burden the statute imposes.