COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff,[*] Judges Chafin and Decker
Argued at Richmond, Virginia


MARK THOMAS CLEMENTI

                                              MEMORANDUM OPINION[**] BY
v.        Record No. 0546-14-1                JUDGE TERESA M. CHAFIN
                                              MARCH 17, 2015

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                               A. Bonwill Shockley, Judge

            Taite A. Westendorf, Senior Assistant Public Defender (Randolph
            Brickey, Assistant Public Defender; Office of the Public Defender,
            on brief) for appellant.

            Elizabeth C. Kiernan, Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Mark Thomas Clementi (appellant) entered a conditional guilty plea to driving under the

influence, fourth or subsequent offense within ten years, pursuant to Code §§ 18.2-266 and

18.2-270.  On appeal, he challenges the trial court's finding that California's drunk driving

statute was substantially similar to Code § 18.2-266 for the purpose of admitting his California

convictions as predicate offenses for the enhanced penalty.

                                            I.

        The facts are not in dispute.  At approximately 9:27 p.m. on April 27, 2013, Officer

Bennett of the Virginia Beach Police Department observed appellant driving a vehicle at a speed

of forty-seven miles per hour in a posted thirty-five mile-per-hour zone.  After activating his

_____

    [*] On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

    [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

emergency lights, Bennett watched appellant's car strike the curb three times before turning and coming to a stop. When Bennett approached, he noted that appellant had "slurred speech, a strong odor of alcohol coming from his breath, bloodshot and glassy eyes, and that he was swaying while standing." Appellant informed Bennett that he had taken Oxycodone three hours prior because his right ankle was broken and that he had consumed four twelve-ounce beers an hour before he was stopped. Following several field sobriety tests, appellant was arrested for driving under the influence.

Prior to trial, appellant filed a "Motion to Prevent Admission of Prior Offenses for Charging Purposes" to preclude admission of his prior drunk driving convictions from California. At issue were three violations of Cal. Veh. Code § 23152(a), to which appellant pled guilty by way of plea agreement on February 5, 2004, and was sentenced on February 19, 2004; and one violation of Cal. Veh. Code § 23152(a), to which appellant pled guilty by way of plea agreement on July 24, 2006. In his motion, appellant alleged that Cal. Veh. Code § 23152 was not substantially similar to Code § 18.2-266 because a conviction could be obtained for conduct not prohibited by Code § 18.2-266.

On August 21, 2013, the trial court ruled that California's statute was substantially similar to Virginia's statute and denied appellant's motion. Appellant entered a conditional guilty plea to driving under the influence, fourth or subsequent offense, reserving his right to appeal that decision. Appellant stipulated to the Commonwealth's evidence, which included evidence of appellant's prior convictions. In the plea agreement, the parties agreed that four of appellant's five prior convictions were from California. On appeal, appellant alleges it was error to accept those convictions as predicate offenses.

II.

"We review a circuit court's decision to admit or exclude evidence under an abuse of discretion standard and, on appeal, will not disturb [that] decision . . . absent a finding of abuse of that discretion." Herndon v. Commonwealth, 280 Va. 138, 143, 694 S.E.2d 618, 620 (2010). "However, '[a circuit] court by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012) (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)). "Therefore, to the extent admissibility rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review." Id. (citing Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011)).

Code § 18.2-270 allows for an enhanced punishment for driving while intoxicated when the Commonwealth charges and proves prior convictions of the accused. To use out-of-state convictions, the Code requires other states' laws be "substantially similar to the provisions of . . . [Code] § 18.2-266." Appellant argues that California's driving under the influence statute is not substantially similar to Code § 18.2-266, and thus his California convictions could not be used to support the enhanced penalty under Virginia law.

"The Commonwealth bears the burden of proving that an out-of-state conviction was obtained under laws substantially similar to those of the Commonwealth." Shinault v. Commonwealth, 228 Va. 269, 271, 321 S.E.2d 652, 654 (1984) (citing Rufty v. Commonwealth, 221 Va. 836, 837-38, 275 S.E.2d 584, 585 (1981)). Because we can determine the specific provision under which appellant was convicted, it is unnecessary to examine the entirety of prohibitions under California's drunk driving statute; instead, we only need to address whether the prohibition under which appellant was convicted is substantially similar to Code

- 3 -

§ 18.2-266.[1]  Compare Honaker v. Commonwealth, 19 Va. App. 682, 685, 454 S.E.2d 29, 31 (1995) (holding that the trial court correctly determined substantial conformity with respect to the West Virginia prohibition because the record clearly disclosed the specific provision Honaker violated), with Cox v. Commonwealth, 13 Va. App. 328, 331, 411 S.E.2d 444, 446 (1991) (finding that because the record failed to disclose which portion of the ordinance Cox violated, the Court was required to examine the entire statutory prohibition).

In the present case, the record establishes that appellant's convictions were under Cal. Veh. Code § 23152(a).  At the time of appellant's convictions, subsection (a) stated: "It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle."  Cal. Veh. Code § 23152(a) (Deering 2003).

Code § 18.2-266 states:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, [or] (iv) while such person is under the combined influence of alcohol and any drug or drugs to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely[.]

---

[1] In Taylor v. Commonwealth, No. 0838-09-1, 2010 Va. App. LEXIS 96 (Va. Ct. App. Mar. 16, 2010), this Court addressed whether California's drunk driving statute was substantially similar to Code § 18.2-266, but limited its examination to the provisions regarding the presumptions created by blood alcohol concentration (BAC) levels under Cal. Veh. Code § 23152(b).  We stated in Taylor that "Virginia and California courts treat the presumptions as mere permissible inferences" and found the statutes to be substantially similar on that basis.  Id. at *8.

This Court has stated that, in order to be substantially similar, another state's law is not required to "conform in every respect to Code § 18.2-266." Cox, 13 Va. App. at 331, 411 S.E.2d at 446.[2] Rather, "[o]nly that prohibition of the other state's law under which the person was convicted must substantially conform." Id. In comparing the two statutory schemes, it is clear that both statutes prohibit the same general conduct: driving under the influence of one or more intoxicants. Appellant argues, however, that the statutes are dissimilar because California's use of the term "vehicle" allows convictions for conduct not punishable by Code § 18.2-266, which specifies "motor vehicles," a term distinct and separately defined from "vehicle" in both states.[3]

The California Vehicle Code defines "vehicle" and "motor vehicle" separately. "A 'vehicle' is a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks." Cal. Veh. Code § 670. "A 'motor vehicle' is a vehicle that is self-propelled." Cal. Veh. Code § 415(a).

Code § 46.2-100 defines "vehicle" as "every device in, on or by which any person or property is or may be transported or drawn on a highway, except devices moved by human power or used exclusively on stationary rails or tracks." A "motor vehicle" is "every vehicle as

---

[2] Cox and similar cases speak in terms of "substantial conformity" because they were decided with respect to out-of-state convictions being used as predicate offenses for purposes of former Code § 46.2-351, Virginia's former habitual offender statute. It has been noted that, for the sake of comparison, former Code §§ 46.2-351 and 18.2-270 "are essentially the same," since "both concern subsequent offenses of and prior convictions for driving while intoxicated, [and] they embody almost identical language with respect to prior convictions in other states." Cox, 13 Va. App. at 330 n.2, 411 S.E.2d at 445 n.2.

[3] The subsection at issue in Taylor similarly used the term "vehicle" as opposed to "motor vehicle." However, Taylor did not address the distinction of the terms, stating that "we need not scrutinize California's DUI statute for every idiosyncratic, insubstantial difference between it and Virginia's DUI statute. We look instead to the overall purpose of the two statutes, the framework of their principal provisions, and the elements of their respective offenses." Taylor, 2010 Va. App. LEXIS 96, at *3.

defined in this section that is self-propelled or designed for self-propulsion except as otherwise provided in this title." Id. For purposes of Code § 18.2-266, mopeds are considered motor vehicles "while operated on the public highways of this Commonwealth."

Appellant argues that the significance of this distinction is that an individual could be convicted of drunk driving in California while driving a moped on private property; whereas, in Virginia, the same conduct is not prohibited under Code § 18.2-266. We are not persuaded that appellant's narrow argument defeats the substantial similarity of the two statutes. "[T]wo things are 'substantially similar' if they have common core characteristics or are largely alike in substance or essentials." Johnson v. Commonwealth, 53 Va. App. 608, 613, 674 S.E.2d 541, 543 (2009). The core characteristics shared between the two statutes is the prohibition of drunk driving. Though the statutes are not identical in every possible situation involving mopeds, as stated above it is not necessary that the statutes be identical in every respect. Further, it is evident from the record that appellant's convictions do not involve driving a moped on private property.

Significantly, however, it is evident from the record, with respect to at least two convictions, that appellant's convictions did result from driving a motor vehicle. The stipulation of the Commonwealth's evidence in this case contains evidence pertaining to appellant's prior convictions. Two of those convictions, case numbers SWM018072 and SWM019528, have citations that show the conduct leading to appellant's convictions involved driving a 1979 Honda Accord while under the influence. We have addressed two cases in the past where similar determinations of culpable conduct could be made based on the record available to the trial court.

In Honaker, 19 Va. App. at 685, 454 S.E.2d at 31, this Court affirmed a finding that a section of a West Virginia statute substantially conformed to Code § 18.2-266 where the trial court was able to conclude that "the conviction in [West Virginia was] based on conduct which is

[also] a violation of [] Code § 18.2-266." (Citation omitted). Because Honaker's conviction stated that he was guilty of "driving and operating a motor vehicle . . . while under the influence of alcohol," id., the Court was able to positively determine that he violated a specific provision: W. Va. Code § 17C-5-2(A). Even though that provision criminalized "driv[ing] a *vehicle* . . . while . . . under the influence of alcohol," W. Va. Code § 17C-5-2(A) (emphasis added), this Court affirmed the trial court's finding that it substantially conformed to Code § 18.2-266 because the evidence in the record that Honaker was driving a motor vehicle at the time of the offense allowed the trial court to determine that the conduct was similarly prohibited by Code § 18.2-266.

However, in Commonwealth v. Lowe, 31 Va. App. 806, 809, 525 S.E.2d 636, 638 (2000), this Court discussed the difference between the terms "vehicle" and "motor vehicle," finding that the usage of one term over the other "has legal significance." Despite this finding, the fact that the Maryland drunk driving statute at issue in Lowe employed the term "vehicle" where the Code stated "motor vehicle," and the fact that both states differentiated between the two definitions, we held that the Maryland statutes governing driving while intoxicated substantially conformed to the Code, as narrowed by the Driver License Compact (the Compact).[4] Id. at 813, 525 S.E.2d at 640.

---

[4] The Compact is codified at Code § 46.2-483, et seq. Party states to the Compact adopt its terms and statutory requirements. The purpose of the Compact is for party states to "[p]romote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of *motor vehicles* by their operators in each of the jurisdictions where such operators drive *motor vehicles*." Code § 46.2-483, Article I(b)(1) (emphasis added). Article III of the Compact contains reporting requirements for when a party state is required to inform the licensing authority of the home state of convictions within the party state's jurisdiction. Article II defines "conviction" as "any offense related to the use or operation of a *motor vehicle* . . . ." (Emphasis added). The home state is then permitted to treat the out-of-state conviction as if it had occurred in the home state for "violations of a substantially similar nature." Code § 46.2-483, Article IV(c).

Because the Compact and its reporting requirements are concerned solely with conduct pertaining to motor vehicles, convictions reported to the licensing authority of the home state are statutorily limited to convictions involving motor vehicles. Thus, by examining the circumstances of the conviction, we were able to say with certainty in Lowe that the drunk driving conviction reported from Maryland necessarily involved a motor vehicle. Lowe, 31 Va. App. at 813, 525 S.E.2d at 640. For this reason, we then held that the Maryland statute, despite using the term "vehicle," substantially conformed to Virginia law. Id.

Similar to Honaker and Lowe, by examining the record pertaining to appellant's prior convictions, we find that the trial court could have concluded that Cal. Veh. Code § 23152(a), the way it existed at the time of appellant's convictions, was substantially similar to Code § 18.2-266 because appellant was convicted for conduct similarly proscribed by Code § 18.2-266. Because the record contains evidence that the subject of appellant's convictions was driving a motor vehicle while under the influence, the trial court could have properly concluded, with respect to those two convictions, that appellant committed conduct similarly prohibited by Code § 18.2-266 and the provisions were therefore substantially similar.

Although the same conclusion cannot be drawn from the convictions for case numbers SWF006239 and SWF010655, admission and consideration of these convictions is, nevertheless, harmless error. The standard for non-constitutional error is established in Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

"An error is harmless (1) if 'other evidence of guilt is so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict,' or, 'even if the evidence of the defendant's guilt is not overwhelming, [(2)] if the evidence admitted in error was merely cumulative of other, undisputed evidence.'" McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448-49 (2000) (quoting Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442, 444-45 (1993)).

In light of the two California convictions where the prohibited conduct can be determined to be substantially similar to the conduct prohibited by Code § 18.2-266, and appellant's additional 2010 Virginia conviction which is unquestionably qualified as a predicate offense, a finding that the remaining two California convictions were inadmissible as predicate offenses would not have affected the verdict for appellant's current charge: driving under the influence, fourth or subsequent offense within ten years. Thus, for the foregoing reasons, we affirm the ruling of the trial court.

Affirmed.