COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


RAYMOND MYNOIS JOHNSON
                                                            OPINION BY
v.        Record No. 2309-07-2               JUDGE CLEO E. POWELL
                                                        MARCH 31, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                          James F. D'Alton, Jr., Judge

            Jason Moore for appellant.

            Robert H. Anderson, III, Senior Assistant Attorney General
            (Robert F. McDonnell, Attorney General, on brief), for appellee.


        Raymond Mynois Johnson ("Johnson") appeals his conviction for failure to register as a sex

offender, in violation of Code § 18.2-472.1.[1]  Johnson argues that the trial court erred in finding that

his prior convictions in North Carolina required him to register as a sex offender in Virginia.

Specifically, Johnson contends that the North Carolina crimes of aiding and abetting a

second-degree rape and aiding and abetting a second-degree sex offense are not substantially

similar to any corresponding Virginia crimes as delineated in Code § 9.1-902.  Additionally,

Johnson argues that, even if we find the crimes are substantially similar, a conviction for aiding

and abetting does not require registration.  For the reasons that follow, we affirm the decision of

the trial court.

---

        [1] Johnson was actually charged with two separate counts of failure to register as a sex
offender.  This appeal, however, only focuses on one of those charges, as he pled no contest to the
other.  Therefore we need not address the second charge and conviction of failure to register as a sex
offender.

BACKGROUND

In 1995, Johnson was convicted in North Carolina of aiding and abetting a second-degree rape and aiding and abetting a second-degree sex offense. He was sentenced to twenty (20) years in prison. Other than incarceration, the trial court did not place any other restrictions, prohibitions, or requirements on Johnson. Johnson was released from prison in 2003 and subsequently moved to Virginia.

Upon moving to Virginia, Johnson failed to register as a sex offender as required under Virginia's Sex Offender and Crimes Against Minors Registry Act (the "Act"). He was indicted on October 19, 2006 by a Petersburg grand jury for failure to register or re-register as a sex offender having previously been convicted of a sexually violent offense, a Class 6 felony. On November 29, 2006, he pled not guilty to the crime of failure to register as a sex offender after having been convicted of a sexually violent offense.

At trial, Johnson argued that no Virginia statute was "substantially similar" to the North Carolina statutes under which he was convicted, therefore he was not required to register under Code § 9.1-902. The trial court disagreed and found that the corresponding Virginia statutes were substantially similar to those under which Johnson was convicted. Johnson was subsequently convicted of failure to register as a sex offender and sentenced to five years, with three years and six months suspended.

ANALYSIS

The issue on appeal is whether Johnson was required to register as a sex offender under Code § 9.1-902. Johnson argues that the North Carolina statute under which he was convicted is not so "substantially similar" to the Virginia statutes as to require registration and that Virginia law does not require people convicted as principals in the second degree to register as sex offenders. These are questions of law that involve the interpretation and application of Code

- 2 -

§ 9.1-902 and Code § 18.2-472.1 and thus we review the trial court's judgment *de novo*. Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006); Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001).

"'The proper course [in this case as in all cases of statutory construction] is to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.'" Colbert, 47 Va. App. at 394, 624 S.E.2d at 110 (quoting Jones v. Rhea, 130 Va. 345, 372, 107 S.E. 814, 823 (1921)).

The General Assembly enacted the Act to "assist the efforts of law-enforcement agencies and others to protect their communities and families from repeat sex offenders and to protect children from becoming victims of criminal offenders by helping to prevent such individuals from being allowed to work directly with children." Code § 9.1-900; see Colbert, 47 Va. App. at 395-96, 624 S.E.2d at 111. To further this objective, the General Assembly decreed that the provisions in the Act are to be construed liberally to effect the purpose of the Act. Code § 9.1-920.

Johnson argues, and the Commonwealth does not disagree, that of the three circumstances under which one is required to register as a sex offender, there are two that are not at issue here. The first is if one is convicted in Virginia of a crime delineated in Code § 9.1-902; the second is if one is convicted of any offense for which registration in a sex offender and crimes against minors registry is required under the laws of the jurisdiction where the offender was convicted. See Code § 9.1-902. We agree.

Thus, Johnson focuses his argument on the remaining circumstance under which one is required to register as a sex offender in Virginia: a conviction in another state of an offense

similar to an offense requiring registration in Virginia. Johnson's argument relies heavily upon the language of Code §§ 9.1-902(A)[2] and 18.2-472.1.

Similar vs. Substantially Similar

Johnson argues that, in order to be convicted under Code § 18.2-472.1, the North Carolina statutes under which he was convicted, must be "substantially similar" to the corresponding Virginia statute which requires registration under the Act. The Commonwealth, on the other hand, contends that the language of Code § 9.1-902 controls, requiring only that the North Carolina statutes be "similar" to the corresponding Virginia statute.

When interpreting a statute, courts "are required to 'ascertain and give effect to the intention of the legislature,' which is usually self-evident from the statutory language." Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006) (quoting Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)). Furthermore, "[w]hen the language in a statute is clear and unambiguous, [this Court] appl[ies] the statute according to its plain language." Id. (citing HCA Health Servs. v. Levin, 260 Va. 215, 220, 530 S.E.2d 417, 419-20 (2000)). Likewise, "[w]hen the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language." Lee County v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002) (citing Industrial Dev. Auth. v. Board of Supervisors, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002); Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001)).

---

[2] Under the version of the Code that was in effect when Johnson was convicted, the relevant provision was in subsection (B) of § 9.1-902, which stated, "'Offense for which registration is required' and 'sexually violent offense' shall also include any similar offense under the laws of (i) any foreign country or any political subdivision thereof, (ii) the United States or any political subdivision thereof . . . ." See 2006 Va. Acts, ch. 857.

In 2007, the statute was amended to include its present language. See 2007 Va. Acts., ch. 718. The changes did not alter the basic purpose of the relevant portions of the statute, and therefore, the interpretation given them by this Court remains the same for both versions.

We recognize that the distinction between "similar" and "substantially similar" may be slight. However, when different words are used in a statute, each must be given its own meaning if possible. As we do not find the two statutes – Code §§ 9.1-902 and 18.2-472.1 – to either be in conflict or ambiguous, we need only determine the plain meaning of each term in order to ascertain and give effect to the intention of the General Assembly.

"Similar" is defined as "having characteristics in common" or "alike in substance or essentials." Webster's Third New International Dictionary 2120 (1993). "Substantial," on the other hand, is defined as "of or relating to the main part of something." Id. at 2280. These definitions, combined with the common usage of the phrase, establish that two things are "substantially similar" if they have common core characteristics or are largely alike in substance or essentials.

Johnson's argument confuses the language which defines who must register under Code § 9.1-902, with the language used to enhance the punishment for one who is convicted of a second or subsequent offense for failing to register or re-register under Code § 18.2-472.1. A plain reading of Code § 9.1-902 clearly indicates that in order for someone convicted in another jurisdiction to be required to register under the Act, the offense for which he was convicted need only be "similar" to an offense listed in the Act. The "substantially similar" language of Code § 18.2-472.1, on the other hand, requires an analysis of the registration laws of another jurisdiction to determine if one is subject to enhanced punishment for a conviction for failing to register or re-register. Code § 18.2-472.1 does not contemplate the original offense requiring registration as a sex offender. We conclude that the language of Code § 9.1-902 is unambiguous and requires registration if the statute under which Johnson was convicted is "similar" to a Virginia statute that would require registration, notwithstanding any limitations Code § 18.2-472.1 might place on enhanced punishment (an issue that is not before us today).

Similarity of the Statutes

In Virginia, a person convicted of rape is required to register under the Act. Code

§ 9.1-902(B).[3] The North Carolina statute under which Johnson was convicted defines

second-degree rape more narrowly than the Virginia rape statute. North Carolina law states that

> [a] person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person: (1) [b]y force and against the will of the other person; or (2) [w]ho is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless.

General Statutes of North Carolina § 14-27.3.

> The corresponding Virginia law states that a person is guilty of rape if he
>
> has sexual intercourse[4] with a complaining witness, whether or not his or her spouse, or causes a complaining witness, whether or not his or her spouse, to engage in sexual intercourse with any other person and such act is accomplished (i) against the complaining witness's will, by force, threat or intimidation of or against the complaining witness or another person; or (ii) through the use of the complaining witness's mental incapacity or physical helplessness; or (iii) with a child under age 13 as the victim . . . .

Code § 18.2-61(A).

Clearly, the Virginia statute is broader than the North Carolina statute. Therefore, any act

which results in a conviction of second-degree rape under North Carolina law would necessarily

result in a conviction of rape in Virginia. Both statutes share common essential elements, and as

such, we hold that the two statutes are similar. Cf. Cox v. Commonwealth, 13 Va. App. 328,

---

[3] Under the version of the Code that was in effect when Johnson was convicted, this provision was in subsection (A)(1). See 2006 Va. Acts, ch. 857.

[4] Sexual intercourse is defined "as actual penetration to some extent of the male sexual organ into the female sexual organ." McCall v. Commonwealth, 192 Va. 422, 426, 65 S.E.2d 540, 542 (1951) (citations omitted).

- 6 -

329, 411 S.E.2d 444, 445 (1991). Accordingly, we find that a person convicted of second-degree rape in North Carolina is required to register as a sex offender under Code § 9.1-902.[5]

## Registration by a Principal in the Second Degree

Johnson next argues that the Act only requires registration of persons who were convicted as principals in the first degree, or convicted of attempting to commit or conspiring to commit certain sexual offenses. He asserts that, because he was convicted of aiding and abetting a second-degree rape, he was only a principal in the second degree, and, as the Act makes no mention of registration by principals in the second degree, he is not required to register under the Act. Again we must disagree.

"In the case of every felony [except for a capital offense], every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree." Code § 18.2-18. Additionally, our Supreme Court has specifically held that a principal in the second degree may be convicted of rape just as if that person were a principal in the first degree. See Sutton v. Commonwealth, 228 Va. 654, 665, 324 S.E.2d 665, 671 (1985) ("Principals in the second degree and accessories before the fact may be indicted, tried, convicted, and punished as principals in the first degree.").

As previously noted, the Act "shall be liberally construed." Code § 9.1-920. Thus, the liberal construction of the Act, when combined with the specific wording of Code § 18.2-18, leads to the inescapable conclusion that a person convicted of rape as a principal in the second degree is required to register under the Act.

---

[5] In light of our determination that the North Carolina rape statute under which Johnson was convicted is similar to Virginia's rape statute, this Court need not address whether his conviction for aiding and abetting a second-degree sex offense is similar to the corresponding Virginia law.

CONCLUSION

We find Johnson's arguments that he is not required to register because the Virginia and North Carolina statutes are not substantially similar and principals in the second degree are not required to register in Virginia to be unpersuasive. For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>