## CIRCUIT COURT OF FAIRFAX COUNTY

David Robertshaw

v.

Commonwealth of Virginia

April 24, 2013

Case No. CL-2013-1902

By Judge Randy I. Bellows

Pursuant to Va. Code § 46.2-410.1, David Robertshaw petitions the Court to order the Virginia Department of Motor Vehicles Commissioner to rescind the revocation of his driver's license. The Court considered the briefs and heard oral argument from the parties on April 12, 2013, after which the Court took the matter under advisement.

For the reasons discussed below, the Court finds that the Commissioner did not commit error in revoking the Petitioner's license because the federal DUI statute, 36 C.F.R. § 4.23, substantially parallels and substantially conforms to Virginia's DUI statute, Va. Code § 18.2-266.

### I. Background

The relevant facts are not in dispute. During oral argument, counsel for the Petitioner and the Commonwealth stipulated to the facts as presented herein. On September 13, 2012, in U.S. District Court for the Eastern District of Virginia, David Robertshaw ("Petitioner") pleaded guilty to Driving Under the Influence of Alcohol ("DUI"), in violation of 36 C.F.R. § 4.23(a)(1) ("federal DUI statute"). Significantly, the parties agree that the misconduct giving rise to the Petitioner's federal conviction is that he drove a motor vehicle under the influence of alcohol on a public highway in the Commonwealth in violation of the federal statute. As a special condition of probation, the federal court restricted Petitioner's driving privileges, but did not revoke his driver's license. On October 4, 2012, the Virginia Department of Motor Vehicles Commissioner ("DMV" or "Commissioner") revoked Petitioner's driver's license for one year, pursuant to Va. Code § 46.2-389. After receiving notification of the revocation, Petitioner timely

filed this Petition for Judicial Review of the Commissioner's determination in accordance with Va. Code § 46.2-410.1. Under this statute, Petitioner argues that the revocation constitutes a manifest injustice because the Commissioner erred in determining that 36 C.F.R. § 4.23(a)(1) substantially parallels and substantially conforms to Va. Code § 18.2-266 ("Virginia DUI statute").

## II. *Discussion*

### A. *Standard of Review*

The Administrative Process Act establishes Petitioner's burden in this case: "The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law [which includes] . . . compliance with statutory authority. . . ." Va. Code § 2.20-4027(ii).

The Commissioner shall revoke for one year the driver's license of any person found guilty in violation of "a law of the United States . . . [that] substantially parallel[s] and substantially conform[s] to a . . . [v]iolation of § 18.2-266. . . ." Va. Code §§ 46.2-389(A)(2), (B). Upon such revocation, "the person so aggrieved may, in cases of manifest injustice, within sixty days of receipt of notice of the suspension or revocation, petition the circuit court of the jurisdiction wherein he resides for a hearing to review the Commissioner's order." Va. Code § 46.2-410.1(A) ("Manifest injustice is defined as those instances where the Commissioner's order was the result of an error or was issued without authority or jurisdiction."). If the Court finds the Commissioner's order was manifestly unjust, "the court may . . . order the Commissioner to modify the order or issue the person a restricted license. . . ." Va. Code § 46.2-410.1(B).

The issue before the Court is whether the Commissioner erred in determining that the federal DUI statute under which Petitioner was convicted, 36 C.F.R. § 4.23(a)(1), substantially parallels and substantially conforms to the Virginia DUI statute, Va. Code § 18.2-266. Petitioner argues that the Commissioner erred because the federal DUI statute does not substantially parallel the Virginia DUI statute. Specifically, Petitioner asserts that the federal DUI statute criminalizes a specific behavior that could not result in conviction under the Virginia DUI statute, i.e., operating a moped under the influence while not on a public highway of the Commonwealth. Because of this difference alone, Petitioner asks the Court to find that the Commissioner's revocation of Petitioner's driving privileges was a manifest injustice and order the Commissioner to rescind the revocation. Moreover, Petitioner argues that the specific underlying facts are entirely irrelevant to this Court's determination and asserts that the Court's analysis must be limited to a simple facial comparison of the

two statutes. Petitioner argues that after this comparison is done, the Court should find that the two statutes are not substantially parallel.

The Commonwealth opposes the Petition and argues that the minor difference regarding the moped language does not affect the substantial similarity of the two statutes as a whole, especially in light of the fact that the underlying conduct that resulted in the federal conviction would in fact also constitute a violation of Va. Code § 18.2-266. Moreover, the Commonwealth asserts that the statutory construction urged by the Petitioner would defeat the legislative intent of Va. Code § 46.2-389, which was to protect the public from drivers convicted of serious traffic offenses in jurisdictions outside the Commonwealth.

For the reasons stated below, the Court rejects both the Petitioner's argument that the underlying facts are irrelevant and Petitioner's argument that the statutes are not substantially parallel. Specifically, the Court finds that it is precisely those underlying facts that actually direct the Court to the portion of the statute upon which this Court must focus in making its analysis and that when the Court does make that analysis, it is clear that the statutes are indeed substantially parallel and in conformity.

## B. "Substantially Paralleling and Substantially Conforming"

Va. Code § 46.2-389 does not define the phrase "substantially paralleling and substantially conforming to. . . ." Therefore, the Court must give the phrase "its ordinary meaning, considering the context in which it is used." *Thompson v. Commonwealth*, 277 Va. 280, 289, 673 S.E.2d 469 (2009) (citing *Jones v. Commonwealth*, 276 Va. 121, 125, 661 S.E.2d 412 (2008)). "When interpreting a statute, courts are required to ascertain and give effect to the intention of the legislature, which is usually self-evident from the statutory language." *Johnson v. Commonwealth*, 53 Va. App. 608, 612-13, 674 S.E.2d 541 (2009) (citations omitted) (quoting *Chase v. DaimlerChrysler Corp.*, 266 Va. 544, 547, 587 S.E.2d 521 (2003)) ("When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language.").

While the terms at issue here are not defined by statute or controlling case law, the Court does find the Virginia Court of Appeal's decision in an analogous case to be quite helpful. Va. Code § 18.2-472.1 requires registration for any person convicted of a sexually violent offense or murder. Similar to the Virginia Code section at issue in this case, Va. Code § 18.2-472.1(K) also requires registration in Virginia for "any conviction for a *substantially similar* offense under the laws of (i) any foreign country or any political subdivision thereof, or (ii) any state or territory of the United States or any political subdivision thereof, the District of Columbia, or the United States. . . ." (emphasis added).

In affirming a defendant's conviction for failure to register under this statute for a prior North Carolina rape conviction, the Court of Appeals

recognized that "the distinction between 'similar' and 'substantially similar' may be slight. However, when different words are used in a statute, each must be given its own meaning if possible." *Johnson v. Commonwealth*, 53 Va. App. 608, 613, 674 S.E.2d 541 (2009). The Court held "that two things are 'substantially similar' if they have common core characteristics or are largely alike in substance or essentials." *Id*. While the phrase "substantially paralleling and substantially conforming to" is not identical to the "substantially similar" language used in this statute, this Court finds the Court of Appeals definition to be instructive.

## C. *The DUI Statutes*

When determining whether the federal DUI statute substantially parallels and substantially conforms to the Virginia DUI statute, the "provisions of both laws must be examined." *Corey v. Commonwealth*, No. 0421-02-4, 2003 Va. App. LEXIS 582, at *7 (Nov. 12, 2003) (citing *Rufty v. Commonwealth*, 221 Va. 836, 838-39, 275 S.E.2d 584 (1984)). "When the record establishes a valid out-of-state conviction . . . we need only compare the elements of the two statutes. If the elements 'parallel[] and substantially conform[],' the requirements of Code § 46.2-389 are satisfied, mandating an automatic license revocation by the DMV." *Williams v. Hale*, No. 0744-92-3, 1993 Va. App. LEXIS 447, at *4 (Sept. 21, 1993) (analyzing the similarity of a Tennessee DUI statute and Va. Code § 18.2-266). The statutes at issue here are 36 C.F.R. § 4.23 and Va. Code § 18.2-266:

### 1. *36 C.F.R. § 4.23*

(a) Operating or being in actual physical control of a motor vehicle is prohibited while:

(1) Under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation; or

(2) The alcohol concentration in the operator's blood or breath is 0.08 grams or more of alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath. Provided however, that if State law that applies to operating a motor vehicle while under the influence of alcohol establishes more restrictive limits of alcohol concentration in the operator's blood or breath, those limits supersede the limits specified in this paragraph.

(b) The provisions of paragraph (a) of this section also apply to an operator who is or has been legally entitled to use alcohol or another drug.

(c) Tests.

(1) At the request or direction of an authorized person who has probable cause to believe that an operator of a motor vehicle within a park area has violated a provision of paragraph (a) of this section, the operator shall submit to one or more tests of the blood, breath, saliva, or urine for the purpose of determining blood alcohol and drug content.

(2) Refusal by an operator to submit to a test is prohibited and proof of refusal may be admissible in any related judicial proceeding.

(3) Any test or tests for the presence of alcohol and drugs shall be determined by and administered at the direction of an authorized person.

(4) Any test shall be conducted by using accepted scientific methods and equipment of proven accuracy and reliability operated by personnel certified in its use.

(d) Presumptive levels.

(1) The results of chemical or other quantitative tests are intended to supplement the elements of probable cause used as the basis for the arrest of an operator charged with a violation of paragraph (a)(1) of this section. If the alcohol concentration in the operator's blood or breath at the time of testing is less than alcohol concentrations specified in paragraph (a)(2) of this section, this fact does not give rise to any presumption that the operator is or is not under the influence of alcohol.

(2) The provisions of paragraph (d)(1) of this section are not intended to limit the introduction of any other competent evidence bearing upon the question of whether the operator, at the time of the alleged violation, was under the influence of alcohol, or a drug, or drugs, or any combination thereof.

## 2. *Va. Code § 18.2-266*

It shall be unlawful for any person to drive or operate any motor vehicle, engine, or train

(i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article,

(ii) while such person is under the influence of alcohol,

(iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine, or train safely,

(iv) while such person is under the combined influence of alcohol and any drug or drugs to a degree which impairs his ability to drive or operate any motor vehicle, engine, or train safely, or

(v) while such person has a blood concentration of any of the following substances at a level that is equal to or greater than:

(a) 0.02 milligrams of cocaine per liter of blood,

(b) 0.1 milligrams of methamphetamine per liter of blood,

(c) 0.01 milligrams of phencyclidine per liter of blood, or

(d) 0.1 milligrams of 3, 4-methylenedioxy-methamphetamine per liter of blood.

A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v).

For the purposes of this article, the term "motor vehicle" includes mopeds, while operated on the public highways of this Commonwealth.

Upon a cursory reading of the two statutes, it is readily apparent that they share common characteristics and are largely alike in substance. First, both statutes prohibit driving a motor vehicle while intoxicated by alcohol or drugs. Compare 36 C.F.R. § 4.23(a)(1), with Va. Code § 18.2-266(i), (ii). Second, both statutes outlaw blood alcohol concentrations of 0.08 grams or more of alcohol per 210 liters of breath while driving a motor vehicle. Compare 36 C.F.R. § 4.23(a)(2) with Va. Code § 18.2-266(i). Third, both statutes outlaw intoxication from alcohol in addition to drugs. Compare 36 C.F.R. § 4.23(b) with Va. Code § 18.2-266(iii). Fourth, both statutes reference intoxication testing protocols. Compare 36 C.F.R. § 4.23(c) with Va. Code § 18.2-266(i). Petitioner focuses upon the following sentence inserted at the end of the Virginia DUI statute, because it is not found in the federal DUI statute: "For the purposes of this article, the term 'motor vehicle' includes mopeds, while operated on the public highways of this Commonwealth." Va. Code § 18.2-266. This language means that an individual driving a moped under the influence of alcohol would commit a violation of law on federal property, whether or not it was a public highway, but would only

commit a violation of state law if the moped driving occurred on a public highway.

Thus, the two statutes are not identical, but Va. Code § 46.2-389 does not require that they be identical; rather, the statute only requires substantial conformity. The Court finds that the inclusion of the moped sentence in the Virginia DUI statute does not defeat its substantial conformity with the federal DUI statute.

## D. *Relevant Case Law*

"[A]nother state's law regarding driving while under the influence of intoxicants or drugs [need not] substantially conform in every respect to Code § 18.2-266. Only that prohibition of the other state's law under which the person was convicted must substantially conform." *Cox v. Commonwealth*, 13 Va. App. 328, 331, 411 S.E.2d 444 (1991). In *Cox*, the Court of Appeals analyzed the language "substantially conforming to" as used under the now-repealed habitual offender statute Va. Code § 46.2-351. There, the Court looked to a prior Supreme Court decision that used an analogous analysis under a different statute, Va. Code § 18.2-270, which contained the language "substantially similar to." *Shinault v. Commonwealth*, 228 Va. 269, 321 S.E.2d 652 (1984). In *Cox*, the Court of Appeals reversed the trial court's finding that Mr. Cox was a habitual offender under Va. Code § 46.2-351, *repealed by* 1999 Va. Acts 945, 987. *Id.* at 329. The trial court based the habitual offender adjudication on one Virginia DUI conviction and two West Virginia DUI convictions. The Court of Appeals was bound by the record from the trial court, "which indicate[d] only that [Petitioner] was convicted under a state statute and a city ordinance." *Id.* at 331. In comparing the two statutes, the Court noted that the out-of-state statute "include[d] several prohibitions against conduct which would not be violations of Code § 18.2-266; therefore, [the Court was] *unable to say* that the conduct upon which the appellant's convictions were based was that which is not included within the prohibitions of Code § 18.2-266." *Id.* (emphasis added).

However, where, as here, the record discloses the specific prohibition of foreign law under which the individual was convicted, the trial court must limit its comparison to that specific prohibition and not "expand the scope of the convictions which could be considered." *Honaker v. Commonwealth*, 19 Va. App. 682, 685, 454 S.E.2d 29 (1995) ("Thus, notwithstanding the fact that there are substantial differences between West Virginia Code § 17C-5-2 and Code § 18.2-266, we hold that . . . the prohibition of West Virginia law under which Honaker was convicted substantially conformed to Code § 18.2-266 [and therefore] could be used as a predicate offense [under] Code § 46.2-351, et seq."). The Court of Appeals has also relied on *Cox* to find that a Tennessee DUI statute substantially conformed to the Virginia DUI statute, even though the Tennessee statute did not contain the

same provisions regarding driving under the influence of drugs. *Williams v. Commonwealth*, No. 0744-92-3, 1993 Va. App. LEXIS 447 at *6-7 (holding "that proof under Tennessee's statute that a person is 'under the influence of any intoxicant' is sufficiently comparable to proof under Code § 18.2-266 that the person's ability to drive safely is impaired."); compare Tenn. Code Ann. § 55-10-401 with Va. Code § 18.2-266(v).

Here, Petitioner argues that on its face, the federal DUI statute does not substantially conform to the Virginia DUI statute because the former criminalizes the act of driving a moped off a public highway while intoxicated when the latter explicitly does not. See Va. Code § 18.2-266 ("For purposes of this article, the term 'motor vehicle' includes mopeds, while operated on the public highways of this Commonwealth."). Petitioner believes that, on that basis alone, regardless of the underlying facts, the Commissioner erred in revoking Petitioner's license. Petitioner relies on *Corey v. Commonwealth* because in its analysis, the Court of Appeals examined these two provisions and noted "it is readily apparent that an intoxicated person who drives a moped in a part of a federal park area that is not designated for vehicular travel may be convicted of driving while intoxicated under [the federal DUI statute, but not the Virginia DUI statute.]" No. 0421-02-4, 2003 Va. App. LEXIS 582, at *11 (Nov. 12, 2003). The Court ultimately held that the Commissioner erred in concluding, the two provisions were substantially similar. Significantly, however, as in *Cox*, the Court of Appeals noted that the record of the foreign jurisdiction conviction did not permit the Court "to conclude that he was convicted of some act other than driving a moped while intoxicated in a part of a federal park area that was not designated for vehicular travel, which is conduct that would not result in a conviction under Code § 18.2-266." *Id.* at *12. In other words, because the Court of Appeals *on the record before it* did not know whether the Petitioner's federal conviction involved moped driving in a park, it could not presume that the Petitioner's underlying conduct resulting in a federal conviction would also have resulted in a state conviction.

Here, however, we know beyond any doubt that the Petitioner's underlying conduct violated both federal and state law, which distinguishes the instant case from *Corey* and *Cox. Accord Honaker*, 19 Va. App. at 685; *Sayler v. Commonwealth*, 71 Va. Cir. 258 (Albemarle County 2006) (finding that the federal conviction under 36 C.F.R. § 4.23(a)(2) is a prohibition against conduct that would also violate Va. Code § 18.2-266). Specifically, "[o]perating or being in actual physical control of a motor vehicle is prohibited while under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation." 36 C.F.R. § 4.23(a)(1). This provision shares substantial characteristics with the Virginia DUI statute: "It shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol [or] . . . narcotic drug . . . or any combination of

such drugs, to a degree which impairs his ability to drive or operate any motor vehicle. . . ." Va. Code § 18.2-266. To find that these two statutes are not substantially parallel and similar would require the Court to ignore the plain and unambiguous words used by the legislature. Cf. *Johnson*, 53 Va. App. at 612-13. This substantial similarity is not defeated merely by the General Assembly's choice to treat mopeds driven off public highways differently than it is treated under federal law.

Lastly, the record of Petitioner's federal conviction is clear. The facts in this case are not in dispute. Petitioner was convicted under 36 C.F.R. § 4.23(a)(1) for driving a motor vehicle under the influence while on a public highway. Because the federal provision at issue is a prohibition against conduct that would violate Va. Code § 18.2-266 and because Petitioner's conduct would in fact have also violated Va. Code § 18.2-266, the Court finds that the federal DUI statute substantially parallels and substantially conforms to the Virginia DUI statute. Therefore, the Commissioner did not err in revoking Petitioner's license for one year under Va. Code § 46.2-389.

### III. *Conclusion*

The facts demonstrate that under Va. Code § 46.2-389, the Commissioner did not err in determining that 36 C.F.R. § 4.23(a)(1) substantially parallels and substantially conforms to Va. Code § 18.2-266. Therefore, the revocation of Petitioner's driving privilege was not manifestly unjust. The Petition is hereby dismissed with prejudice, and the Commissioner's decision is affirmed.