COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Decker, Judges Malveaux and Friedman
Argued at Richmond, Virginia


TODD MOSES SORRELL, SR.

                                                    OPINION BY
v.        Record No. 0198-21-2          CHIEF JUDGE MARLA GRAFF DECKER
                                                 JANUARY 18, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MADISON COUNTY
David B. Franzén, Judge

David B. Hargett (Hargett Law, PLC, on brief), for appellant.

Justin B. Hill, Assistant Attorney General (Mark R. Herring,[1]
Attorney General; Virginia B. Theisen, Senior Assistant Attorney
General, on brief), for appellee.


Todd Moses Sorrell, Sr., appeals his conviction of perjury in violation of Code

§ 18.2-434. He contends that the evidence was insufficient to support that conviction. The

appellant suggests that the language on the application for a concealed handgun permit did not

meet the statutory requirements of the related statute, Code § 8.01-4.3. For the reasons that

follow, we affirm the conviction.

## I.  BACKGROUND[2]

On September 23, 2019, the appellant filed an application for a concealed handgun

permit with the Madison County clerk's office. A question on the form asks whether the

applicant has been convicted of a misdemeanor in the past five years, excluding minor traffic

_____

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] Under the applicable standard of review, this Court considers the evidence in the light most favorable to the Commonwealth, as the prevailing party below. *See Adjei v. Commonwealth*, 63 Va. App. 727, 747 (2014).

infractions. The appellant answered the question by checking the "NO" box. The bottom of the application reads, in pertinent part, as follows:

> I, the undersigned, affirm that the information contained in this application . . . is both correct and complete to the best of my knowledge. The willful making of a false statement in this application constitutes perjury and is punishable in accordance with § 18.2-434 of the Code of Virginia.

The appellant signed and dated the application.

Major Randy Jenkins with the Madison County Sheriff's Office reviewed the application. Contrary to the representation on the form, Major Jenkins determined that the appellant had been convicted of two misdemeanors within the past five years: violation of a protective order on March 23, 2017, and destruction of property on April 11, 2017.

The appellant was ultimately charged with and convicted of perjury in a bench trial. He made a motion to set aside the conviction, arguing, in part, that the evidence was insufficient because the application did not have a declaration that complied with Code § 8.01-4.3. The court denied the motion and sentenced him to two years in prison, with all time suspended.

## II. ANALYSIS

The appellant argues that the trial court "erred in ruling that the language used in the application sufficiently complied with . . . Code § 8.01-4.3 to support a conviction for perjury."

When an appellate court reviews the sufficiency of the evidence to support a conviction, it views that evidence in the light most favorable to the Commonwealth, as the prevailing party below, and considers all inferences fairly deducible from that evidence. *Adjei v. Commonwealth*, 63 Va. App. 727, 747 (2014). In addition, this Court affirms the decision of the trial court unless it "was plainly wrong or lacked evidence to support it." *Id.*

Although the issue is framed as a challenge to the sufficiency of the evidence, resolution of this appeal primarily requires statutory interpretation. Statutory construction presents a

question of law that the appellate court reviews *de novo*. *See Caldwell v. Commonwealth*, 298 Va. 517, 524 (2020). When interpreting a statute, a court "must presume that the General Assembly chose, with care, the words that appear in [the] statute, and [it] must apply the statute in a manner faithful to that choice." *Johnson v. Commonwealth*, 292 Va. 738, 742 (2016). "Consequently, we 'apply[] the plain meaning of the words unless they are ambiguous or [doing so] would lead to an absurd result.'" *Eley v. Commonwealth*, 70 Va. App. 158, 164 (2019) (alterations in original) (quoting *Wright v. Commonwealth*, 278 Va. 754, 759 (2009)). "Although criminal statutes are to be strictly construed against the Commonwealth, the appellate court must also 'give reasonable effect to the words used' in the legislation." *Green v. Commonwealth*, 72 Va. App. 193, 202 (2020) (quoting *Johnson v. Commonwealth*, 37 Va. App. 634, 639 (2002)). Generally, "[w]ords and phrases used in a statute" are interpreted in light of "their ordinary and usually accepted meaning[s]." *Mejia v. Commonwealth*, 23 Va. App. 173, 176 (1996) (quoting *Woolfolk v. Commonwealth*, 18 Va. App. 840, 847 (1994)). These basic tenets of statutory construction inform the analysis of the issue.

The appellant was convicted of perjury under Code § 18.2-434. Pursuant to that statute, "if any person in any written declaration, certificate, verification, or statement under penalty of perjury pursuant to Code § 8.01-4.3 willfully subscribes as true any material matter which he does not believe is true, he is guilty of perjury." Code § 18.2-434. The only question in this appeal is whether the attestation clause signed by the appellant on his application was a "declaration, certificate, verification, or statement under penalty of perjury pursuant to § 8.01-4.3."[3] *Id.*

---

[3] The indictment and the entirety of the case proceedings framed the perjury charge in the context of Code § 8.01-4.3. Therefore, this opinion does not discuss Code § 18.2-308.02(C), which specifically addresses false statements on applications for a concealed handgun permit.

Code § 8.01-4.3 provides:

> If a matter in any judicial proceeding or administrative hearing is required or permitted to be established by a sworn written declaration, verification, certificate, statement, oath, or affidavit, such matter may, with like force and effect, be evidenced, by the unsworn written declaration, certificate, verification, or statement, which is subscribed by the maker as true under penalty of perjury, and dated, in substantially the following form:
>
> "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct."

The appellant argues that the language on the application is not "in substantially the . . . form" provided in Code § 8.01-4.3. Neither the Supreme Court of Virginia nor this Court has addressed what "in substantially the following form" means.[4]

"Substantial," when used in the Code, means "of or relating to the main part of something." *See Johnson v. Commonwealth*, 53 Va. App. 608, 613 (2009) (quoting *Substantial*, *Webster's Third New International Dictionary* (1993) [hereinafter *Webster's*]); *see also Substantial*, *Black's Law Dictionary* (11th ed. 2019) (defining substantial in relevant part as "[c]ontaining the essence of a thing; conveying the right idea even if not the exact details"). *See generally Jones v. Commonwealth*, 296 Va. 412, 415 (2018) (considering the standard dictionary definition of an undefined statutory term). In light of this definition, to constitute an unsworn declaration under the statute, the form of the language needs to "relat[e] to the main part" of the

_____

[4] Although we do not have precedent interpreting Code § 8.01-4.3, the Supreme Court of Virginia did consider the statute's application in *Spruill v. Garcia*, 298 Va. 120, 125 (2019). In that case, the Supreme Court held that an unsworn statement that was "merely 'acknowledged' as 'true and correct' before a notary public" was not "an unsworn declaration made under penalty of perjury." *Spruill*, 298 Va. at 125 (citing Code § 8.01-4.3).

In contrast, the phrase "substantially similar" has been interpreted by this Court. *See, e.g.*, *Mason v. Commonwealth*, 64 Va. App. 599, 608 (2015). "[T]wo things are 'substantially similar' if they have common core characteristics or are largely alike in substance or essentials." *Johnson v. Commonwealth*, 53 Va. App. 608, 613 (2009). "Similar," on the other hand, means "having characteristics in common" or being "alike in substance or essentials." *Id.* (quoting *Similar*, *Webster's Third New International Dictionary* (1993)).

example attestation clause.[5] *See Johnson*, 53 Va. App. at 613 (quoting *Substantial*, *Webster's*, *supra*).

In other words, the statute demands that the language impresses upon the declarant that the person is making the encompassed statements under threat of penalty of perjury and that the information is accurate. *See generally True and Correct*, *Black's Law Dictionary*, *supra* (defining "[t]rue and correct" as "[a]uthentic; accurate; unaltered"). We conclude that the code section focuses on the substance of the language used rather than the specific wording.

This conclusion is entirely consistent with the legislative intent as expressed in the statute. The plain language of Code § 8.01-4.3 demonstrates that its function is to allow an unsworn writing to "be evidenced" under certain circumstances. *See Jones*, 296 Va. at 415 (for purposes of determining "underlying legislative intent," limiting consideration to the "plain language of the statute" (quoting *Harrison & Bates, Inc. v. Featherstone Assocs. Ltd. P'ship*, 253 Va. 364, 369 (1997))). The declarant's honesty is assured by the threat of a perjury charge if that person gives a false statement. The appellant's overly technical construction of the statute, focusing on the form of the attestation clause rather than its substance, would subvert the statutory purpose by excluding written statements that use different but synonymous language.

For these reasons, we hold that Code § 8.01-4.3 focuses on the substance of the language used in an unsworn declaration rather than the specific wording. The statute simply requires two

---

[5] The General Assembly's use of the phrase "in substantially the following form" in Code § 8.01-4.3 instead of "verbatim" or "identical" unambiguously demonstrates that identical language is not required. *See Brown v. Commonwealth*, 284 Va. 538, 545 (2012) (explaining that if the General Assembly uses "specific language" in one statute but not another, courts "presume that the exclusion of the language was intentional" (quoting *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 654 (2004))). The General Assembly commonly uses "verbatim" or "identical" when it intends such a result. *See, e.g.*, Code §§ 2.2-4020(C)(ii) (directing an agency to "oversee a verbatim recording of the evidence"), 8.01-449(A) (providing that a judgment may be docketed by "copying the wording of the judgment order verbatim"), 59.1-574 (limiting localities' authority to establish certain regulations unless they are "identical" to state-wide regulations), 62.1-44.26(B) ("A verbatim record of the proceedings . . . shall be taken . . . .").

elements in an attestation clause: that the written declaration acknowledges that it is made under threat of penalty of perjury and attests to the information's accuracy.[6]

Turning to this case, the appellant's signed application provides, in relevant part:

> I, the undersigned, affirm that the information contained in this application . . . is both correct and complete to the best of my knowledge. The willful making of a false statement in this application constitutes perjury and is punishable in accordance with § 18.2-434 of the Code of Virginia.

The appellant specifically affirmed that the information he provided on the form was "correct and complete." In this context, to "affirm" means "[t]o solemnly declare rather than swear under oath" or "[t]o testify or declare by affirmation." *Affirm*, *Black's Law Dictionary*, *supra*. The appellant's affirmation that the information he provided on the form was "correct and complete" constitutes an assertion that the facts, at a minimum, were "true and correct," as required by Code § 8.01-4.3. *See generally True and Correct*, *Black's Law Dictionary*, *supra* (defining "[t]rue and correct" as "[a]uthentic; accurate; unaltered"). Further, his signed acknowledgment

---

[6] Supporting the conclusion that Code § 8.01-4.3 requires an attestation clause only to substantially follow its suggested language are cases interpreting 28 U.S.C. § 1746. That statute corresponds with Code § 8.01-4.3's language pertaining to unsworn declarations. Cases interpreting the federal statute have held that declaration language must substantially conform to that of the example provided. *See, e.g.*, *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999); *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65-66 (2d Cir. 1999); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988); *United States v. 8 Gilcrease Lane*, 587 F. Supp. 2d 133, 139 (D.D.C. 2008). *But cf. Barton v. Cir. Ct. of the Nineteenth Jud. Cir.*, 659 So. 2d 1262, 1263 (Fla. Dist. Ct. App. 1995) (holding that a statement "that the information contained therein [was] true 'to the best of [the affiant's] knowledge'" did not substantially comply with the state verification statute (second alteration in original)).

that any falsity is punishable as perjury achieves the requirement of Code § 8.01-4.3 that the statement be made "under penalty of perjury."[7]

### III. CONCLUSION

For these reasons, the appellant's signed attestation clause in his application for a concealed handgun permit substantially followed the form of the relevant language in Code § 8.01-4.3. As a result, the contested attestation clause complied with Code § 8.01-4.3, and the evidence was sufficient to support the conviction. Consequently, the Court affirms the conviction for perjury under Code § 18.2-434.

*Affirmed.*

---

[7] Based on this conclusion, we reject the appellant's suggestion that the permit application form does not meet the requirements of the statute because it does not use the words "under penalty of perjury" and its "mention of perjury is not part of the affirmation." He argues that the language on his application form does not make clear to a signatory that the signatory could be subject to a perjury charge. However, this contention does not survive a reading of the application. Immediately following the appellant's affirmation, the form provides, "The willful making of a false statement in this application constitutes perjury and is punishable in accordance with § 18.2-434 of the Code of Virginia." This language communicates that providing false information on the form constitutes perjury and is punishable as such.