UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Causey and Raphael
Argued by videoconference


JOELY BRADFORD HENSLEY

                                          MEMORANDUM OPINION* BY
v.        Record No. 1191-23-3         JUDGE DORIS HENDERSON CAUSEY
                                              OCTOBER 8, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

Brett P. Blobaum, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Angelique Rogers, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


On April 14, 2023, in the Circuit Court for the City of Martinsville, Joely Bradford

Hensley entered a guilty plea to possession of methamphetamine, in violation of Code

§ 18.2-250.  On appeal, Hensley argues that: (1) the trial court erred by denying the motion to

suppress where law enforcement did not have the requisite reasonable, articulable suspicion

under the Fourth Amendment to justify the traffic stop and seizure of Hensley; and (2) the trial

court erred by denying the motion to suppress where evidence was discovered or obtained as a

result of a stop in violation of Code § 46.2-1003(C), which prohibits law enforcement from

stopping a motor vehicle for use of defective and unsafe equipment.  Finding no reversible error,

we affirm the trial court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

On October 6, 2021, Joely Bradford Hensley was driving her green Honda Accord on a roadway in Martinsville, Virginia. Traveling roughly one to two car lengths behind Hensley was Officer Griffith of the Martinsville Police Department. As Hensley merged from the left to the right lane, her Accord's right rear turn signal never flashed to indicate her lane change to other drivers, nor did she indicate in an alternative way that she intended to change lanes. At this point, Officer Griffith initiated a traffic stop pursuant to Code § 46.2-848 which requires all drivers who intend to turn or partly turn give a proper signal that is plainly visible to other drivers. During the stop, Officer Griffith informed Hensley that he stopped her for failure to use a turn signal and that her taillight was out. Hensley was not aware that her taillight was not working and asked Officer Griffith if her right turn signal was also out; after a test of the turn signal, Officer Griffith confirmed that the right rear turn signal was not working. During the stop, Officer Griffith asked for permission to search Hensley's vehicle, which she granted. During the stop, Officer Griffith found what he believed to be methamphetamine inside of a handbag.

Hensley was indicted on one count of knowingly and intentionally possessing a Schedule II controlled substance, in violation of Code § 18.2-250. Hensley filed a motion to suppress all evidence obtained as a result of the stop, which was denied. A bench trial commenced based on Hensley's plea of not guilty following the denial of the suppression motion. During the bench trial, Hensley stipulated to the testimony of the officers from the suppression hearing; following that stipulation, Hensley changed her plea, further stipulated that the evidence was sufficient to find her guilty, and entered her plea reserving her right to appeal. The trial court found Hensley guilty. This appeal followed.

ANALYSIS

I. The stop and subsequent search and seizure were valid as Hensley was plainly in violation of Code § 46.2-848.

Hensley argues that the trial court erred by denying the motion to suppress where law enforcement did not have the requisite reasonable, articulable suspicion under the Fourth Amendment to justify the traffic stop and seizure of Hensley. We disagree.

"In reviewing the denial of a motion to suppress, we 'consider the facts in the light most favorable to the Commonwealth, the prevailing party at trial.'" *Aponte v. Commonwealth*, 68 Va. App. 146, 156 (2017) (quoting *Hairston v. Commonwealth*, 67 Va. App. 552, 560 (2017)). "It is the appellant's burden to show that when viewing the evidence in such a manner, the trial court committed reversible error." *Id.* (quoting *Hairston*, 67 Va. App. at 560). In conducting our review, we are "bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence," however, we review "the trial court's application of the law de novo." *Malbrough v. Commonwealth*, 275 Va. 163, 168-69 (2008). "While we are bound to review *de novo* the ultimate questions of reasonable suspicion and probable cause, we 'review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Long v. Commonwealth*, 72 Va. App. 700, 712 (2021) (alteration in original) (footnote omitted) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

For an officer to have probable cause for a violation of Code § 46.2-848, an officer must not only "observe a motorist fail to use a signal but also observe that the motorist's failure to use that signal may have affected other vehicles on the road." *Wilson v. Commonwealth*, No. 1691-13-2, slip op. at 6, 2015 Va. App. LEXIS 59, at *9 (Feb. 24, 2015).[1] In such instance,

---

[1] We cite *Wilson* for its persuasive value even though, as an unpublished opinion, it is not "binding authority." Rule 5A:1(f).

this Court must, "defer to the trial court's findings of 'historical fact.'" *Slayton v. Commonwealth*, 41 Va. App. 101, 105 (2003) (quoting *Barkley v. Commonwealth*, 39 Va. App. 682, 690 (2003)).

Here, the trial court found, based on the evidence and testimony of officers at the scene and body camera footage, that Hensley's failure to use her turn signal *may* have impacted the officer's vehicle on the road; whether it actually impacted the vehicle or not was not material for a violation of the statute, especially when considering that a police car might need to make a sudden movement to respond to an emergency situation at a moment's notice. *Wilson*, slip op. at 7-8 & n.6, 2015 Va. App. LEXIS 59, at *11-12 & n.6.

This argument is even more persuasive when we see that nowhere in the statute—or gleaned legislative intent of the statute—is there a requirement that another vehicle was, or had a strong probability of being, impacted by the failure to use a signal. To that end, the Court in *Jones v. Commonwealth*, 296 Va. 412, 415 (2018), found that when we examine issues of statutory interpretation, we are bound by the plain meaning of the statutory language when it is unambiguous, as it is here where the statute plainly reads that motorists are in violation of Code § 46.2-848 if they fail to use a proper signal "whenever the operation of any other vehicle may be affected by such movement."

Appellant argues that rather than the *Wilson* standard, this Court should follow the "objectively reasonable standard," which was applied in *Fisher v. Gordon*, 210 Va. 523, 526 (1970). The Court in *Fisher* held under the predecessor statute that "this code section does not make the driver an insurer of the safety of his turn. Instead, he is held merely to the use of 'reasonable and ordinary care under the circumstances to see that such movement can be made safely.'" *Id.* at 528 (quoting *Smith v. Clark*, 187 Va. 181, 190 (1948)). Although *Fisher* involved a civil suit, its interpretation of the statute is not inconsistent with our holding here.

- 4 -

II. Denial of Hensley's motion to suppress was proper because the stop was not in violation of Code § 46.2-1003(C).

Hensley argues that the trial court erred by denying the motion to suppress where evidence was discovered or obtained as a result of a stop in violation of Code § 46.2 1003(C), prohibiting law enforcement from stopping a motor vehicle for use of defective and unsafe equipment. We disagree.

"The primary objective of statutory construction is to 'determine the General Assembly's intent from the words contained in [the] statute.'" *Turner v. Commonwealth*, 65 Va. App. 312, 323 (2015) (alteration in original) (quoting *Washington v. Commonwealth*, 272 Va. 449, 455 (2006)). "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language." *Jones*, 296 Va. at 415 (quoting *Alston v. Commonwealth*, 274 Va. 759, 769 (2007)). "To the extent an assignment of error involves statutory construction, we review these issues *de novo*." *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 76 (2015). "[T]he General Assembly 'knows how' to include such language in a statute to achieve an intended objective," and therefore, the omission of such language in another statute "represents an unambiguous manifestation of a contrary intention." *Brown v. Commonwealth*, 284 Va. 538, 545 (2012) (quoting *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 654 (2004)).

Here, the trial court found that Officer Griffith's stop of Hensley's vehicle pursuant to Code § 46.2-848 did not implicate Code § 46.2-1003. The court reasoned that while Hensley's turn signal and taillights were defective, she nonetheless failed to indicate a turn to other drivers, and therefore the stop was valid pursuant to Code § 46.2-848. This Court has ruled that Code § 46.2-848 does not require the use of taillights; in fact, signals can be given using hands, arms, or other mechanical or electronic devices. *Commonwealth v. Gilbert*, No. 0963-98-3, slip op. at 8-9, 1998 Va. App. LEXIS 474, at *9 (Sept. 8, 1998). The two statutes (Code §§ 46.2-848, 46.2-1003) are separate and distinct, with language that illustrates their difference in application.

To treat the two as the same would go well beyond the intent of the General Assembly. *Johnson v. Commonwealth*, 53 Va. App. 608, 612 (2009). As we noted in *Gilbert*, "even if a driver chooses to use hand signals in lieu of electrical turn signals, all cars meeting the criteria of Code § 46.2-1038(B) must have operational turn indicators on the front and rear" to be in compliance with both Code §§ 46.2-1003 and 46.2-848. *Gilbert*, slip op. at 9, 1998 Va. App. LEXIS 474, at *10. Appellant contends that to allow a stop under Code § 46.2-848 where Code § 46.2-1003 is implicated would lead to "unreasonable or absurd results," which is forbidden by *Jacobs v. Wilcoxson*, 71 Va. App. 521, 526 (2020). But the General Assembly specifically chose the traffic violations that should not be the basis for a stop. *See Smith v. Commonwealth*, 78 Va. App. 371, 381-85 (2023). The legislature chose to include Code § 46.2-1003 but not Code § 46.2-848. We must respect that legislative choice.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*